## CRAFT *v.* STONE.

[No. 9,862. Filed October 7, 1919. Rehearing denied February 6, 1920. Transfer denied November 10, 1920.]

1. ABATEMENT AND REVIVAL.—*Judgment for Personal Injuries.— Death of Party.—Rendition of Judgment Nunc Pro Tunc.—* Plaintiff's cause of action for personal injuries was merged in the verdict in his favor, and was no longer a mere cause of action within the meaning of §283 Burns 1914, §282 R. S. 1881, which was extinguished by his death, and the court may, on proper showing of facts, enter a judgment *nunc pro tunc* as of a date prior to the death. (*Hudson* v. *Indiana Union Traction Co.* [1912], 50 Ind. App. 292, distinguished.)  p. 73.

2. APPEAL.—*Matters Reviewable.—Motion for New Trial Not Ruled Upon Below.*—Where the motion for new trial has not been ruled upon below, the court on appeal will not determine whether a new trial should or should not be granted.  p. 74.

3. MUNICIPAL CORPORATIONS.—*Use of Streets.—Pedestrians.— Automobiles.—Care Required.*—It is the duty of a pedestrian crossing a public street to look and take reasonable precau-

tions, according to the character of the thoroughfare, to avoid collision with approaching vehicles, but he need not exercise the high degree of vigilance required of a footman at railroad crossings; and one has the right to drive his automobile along a street observing such watchfulness for pedestrians and having his automobile under such control that, by the exercise of ordinary care, he may avoid injury to others having corresponding and reciprocal rights.   p. 76.

4. MUNICIPAL CORPORATIONS.—*Use of Street.—Pedestrians Crossing Between Intersections.—Negligence.*—The fact that a pedestrian, injured in a collision with an automobile, undertook to cross the street at a place other than a regular crossing will not of itself defeat his action for personal injuries against the driver of the automobile.   p. 76.

5. APPEAL.—*Review.—Verdict.—Answers to Interrogatories.*—In an action for personal injuries sustained by plaintiff when struck by defendant's automobile, answers to interrogatories submitted to jury, *held* not to show as a matter of law that plaintiff was guilty of contributory negligence, so that rendition of judgment for defendant on such answers notwithstanding the general verdict for plaintiff was reversible error.   p. 77.

6. APPEAL.—*Review.—Judgment on Interrogatories.—Reversal. —Judgment on Verdict.*—In view of §702 Burns 1914, §660 R. S. 1881, providing that, when a judgment is reversed in whole or part, the court shall remand the cause with instruction to grant a new trial when the justice of the case demands it, and §703 Burns 1914, §661 R. S. 1881, providing that the court shall not reverse the proceedings any further than to include the first error, where the first and only error in the record was committed in rendering judgment for defendant on the jury's answers to interrogatories notwithstanding the general verdict for plaintiff, on reversal judgment for plaintiff should be entered on the general verdict, in the absence of error warranting the trial court in granting a new trial.   p. 78.

From Morgan Circuit Court; *Nathan A. Whitaker,* Judge.

Action by Ernest H. Craft against Charles S. Stone. From a judgment for defendant on the jury's answers to interrogatories notwithstanding the general verdict for plaintiff, the plaintiff appeals.   *Reversed.*

*Carey & Karnes* and *Homer L. McGinnis,* for appellant.

*Fesler, Elam & Young* and *Kivett & Kivett,* for appellee.

McMAHAN, J.—This action was instituted by appellant against appellee to recover damages for personal injuries sustained by appellant by reason of the alleged negligence of appellee. The jury returned a verdict for appellant and answers to interrogatories. Appellee filed a motion for judgment in his favor on the interrogatories notwithstanding the verdict, and also a motion for a new trial. The motion for a new trial is not in the record. The court sustained the former motion and rendered judgment for appellee. The only error assigned is that the court erred in rendering judgment on the answers to the interrogatories.

Appellant has died since submission and counsel who appeared for appellant asks that our decision be rendered as of the date of submission. Appellee has

1. filed his motion to dismiss the appeal on the ground that appellant's cause of action died with his person, and therefore his action has abated.

Section 283 Burns 1914, §282 R. S. 1881, provides that: "A cause of action arising out of an injury to the person dies with the person of either party, except in cases in which an action is given for an injury causing the death of any person, and actions for seduction, false imprisonment and malicious prosecution."

Counsel of record, who represented appellant in his lifetime, contends that, under the circumstances of the case at bar, the appellant's cause of action was merged in the verdict and was no longer a mere cause of action which was extinguished by his death. This contention is sustained by the great weight of authority. In such cases the court may on proper showing of the facts enter a judgment *nunc pro tunc* as of a date prior to the death of a party. *Hiker* v. *Kelley* (1892), 130 Ind. 356, 30 N. E. 304, 15 L. R. A. 622; *City of Valparaiso* v. *Chester*

(1911), 176 Ind. 636, 96 N. E. 765. In *Hudson* v. *Ind. Union Traction Co.* (1912), 50 Ind. App. 292, 98 N. E. 188, cited by appellee, the general verdict was for the defendant instead of the plaintiff, and is thus distinguished from the case now under consideration. In the instant case the cause of action was merged in the verdict. In the Hudson case the cause of action was wiped out and destroyed by the verdict. Appellant prior to his death recovered a verdict and no subsequent delay or error of the court should be permitted to operate to his jeopardy or harm. If the appellee's motion for a judgment on the interrogatories and his motion for a new trial were not well founded, appellant under the authorities cited would have been, and is still, entitled to a judgment *nunc pro tunc* as of the date of the verdict.

The motion for a new trial has not been ruled upon. We are not therefore in a position to determine whether a new trial should or should not be granted. We 2. are, however, in position to determine whether the court correctly sustained the appellee's motion for judgment on the answers to the interrogatories, and it is our duty to do so. The motion to dismiss the appeal is therefore overruled.

The facts disclosed by the answers to the interrogatories are in substance as follows: The appellant, while crossing from the east sidewalk to the west sidewalk on Meridian street in the city of Indianapolis, in a diagonal direction from the northeast to the southwest, was injured by being struck by an electric automobile which was then being driven by appellee at a speed of eight miles an hour. It was raining at the time of the accident and appellant was carrying a raised umbrella, which, however, did not obstruct his view in the direction from which the automobile came. It was about 6:15 p. m. and the street was lighted by elec-

tricity. Appellant stepped off of the sidewalk on the east side of Meridian street at a point 105 feet north of the north line of Washington street. He took two steps and looked to the north for approaching vehicles. He then continued to walk to the place where he was injured without again looking to the north, and when struck by appellant's automobile had reached a point forty feet north of Washington street and eighteen feet east of the west curb on Meridian street. Meridian street is fifty feet wide. The headlights on appellee's automobile were lighted and appellant did not see the automobile before it struck him, although he could have seen it if he had looked to the north. When appellee first saw appellant, the automobile was about three feet away from appellant and too close for appellee to have then stopped it before striking appellant. At the time of the accident there was an ordinance in effect defining the "congested district," which included the place of the accident, and which provided that pedestrians must conform to the traffic signals regulating the movement of vehicles, and shall cross street intersections at the time vehicles cross going in the same direction; that pedestrians must not unnecessarily use the roadway; that Meridian street at the place where the accident happened was used daily and constantly by large numbers of automobiles, horses, wagons and other vehicles. The intersection of Meridian and Washington streets was one of the most public, populous, closely built up and congested parts of the business portion of the city.

Can these facts be reconciled with the general verdict? If they can, it was error to render judgment in favor of appellee, and the cause must be reversed. If, however, these facts cannot be reconciled with the general verdict, the trial court correctly entered judgment for appellee, and the cause must be affirmed. Without entering into a discussion of the rules of law relative

to general and special verdicts, we will proceed to determine whether the answers to the interrogatories are sufficient to overthrow the general verdict in favor of appellant.

Appellee insists that the answers to the interrogatories show that appellant's injury was caused by his own negligence, and for that reason the court committed no error in rendering judgment for appellee.

3. It is the duty of a person crossing, or about to cross, a public street on foot to look and take reasonable precautions according to the character of the thoroughfare to avoid collision with approaching vehicles, but it is not necessary that the same high degree of vigilance should be demanded of the footman about to cross a public street in order to avoid contact with a vehicle, the driver of which is likewise under a duty to be on the lookout, as is required at railroad crossings over which engines and trains of cars are necessarily run at a rate of speed not readily governable. The appellant had the right to cross this street at the crosswalk or elsewhere, exercising such caution and prudence as the circumstances demanded to avoid being injured, while appellee had the right to drive his automobile along the street, observing such watchfulness for footmen and having his automobile under such control as would enable him by the use of ordinary care to avoid injury to others who had corresponding and reciprocal rights in the street. *Stringer* v. *Frost* (1889), 116 Ind. 477, 19 N. E. 331, 2 L. R. A. 614, 9 Am. St. 875; *Evans* v. *Adams Express Co.* (1890), 122 Ind. 362, 23 N. E. 1039, 7 L. R. A. 678.

4. The fact that appellant undertook to cross the the street at a place other than a regular crossing will not of itself defeat an action for his injury. *Simons* v. *Gaynor* (1883), 89 Ind. 165.

The jury in answering the interrogatories finds that

Meridian street is fifty feet wide, with a sidewalk and curb on each side; that the accident happened at a point eighteen feet east of the west curb, but no information is given as to the width of the sidewalks or the width of the street between curbs. We are therefore not able to tell whether the accident happened on the left or the right-hand side of the street. The appellant alleged, and the jury by their general verdict found, that at the time of the accident, appellee was driving his automobile along the middle or left side of the street in violation of the ordinance set out in the complaint, and that the injury to appellant resulted therefrom. This finding is not negatived by the interrogatories. Appellee also contends that appellant in crossing the street at the place and in the manner as found by the jury violated the ordinance set out in the answer providing that pedestrians in the congested district shall cross intersections at the same time that vehicles cross going in same direction and must not unnecessarily use the roadway. We do not construe this ordinance as prohibiting the pedestrian from crossing the street at a point other than street intersections.

The answers to the interrogatories do not state facts from which we can say as a matter of law that the appellant was guilty of contributory negligence. It follows, therefore, that it was reversible error to render judgment for appellee notwithstanding the general verdict, and that the judgment must be reversed. *Elgin Dairy Co.* v. *Shepherd* (1915), 183 Ind. 466, 108 N. E. 234, 109 N. E. 353; *Harker* v. *Gruhl* (1916), 62 Ind. App. 177, 111 N. E. 457; *Cole Motor Car Co.* v. *Ludorff* (1916), 61 Ind. App. 119, 111 N. E. 447; *Rump* v. *Woods* (1912), 50 Ind. App. 347, 98 N. E. 369.

The only question remaining is the form of the mandate. Appellant contends that the cause should be re-

versed with instructions to render judgment for
6.   appellant as of the date of the verdict; while ap-
pellee contends that in case of reversal a new
trial should be ordered.

Section 702 Burns 1914, §660 R. S. 1881, provides
that, when the judgment is reversed in whole or in part,
the court shall remand the cause to the court below, with
instruction to grant a new trial when the justice of the
case demands it.

Section 703 Burns 1914, §661 R. S. 1881, provides
that the court shall not reverse the proceedings any
further than to include the first error.   The first, and
only, error in the record is the error in sustaining appel-
lee's motion for judgment on the answers to the inter-
rogatories notwithstanding the general verdict.   If the
motion for a new trial has not been ruled on by the trial
court, a reversal to and including the first error will
leave the appellee's motion for a new trial undisposed
of.   Appellee cites *Shoner* v. *Pennsylvania Co.* (1892),
130 Ind. 170, 28 N. E. 616, 29 N. E. 775, and *Osborn*
v. *Adams Brick Co.* (1913), 52 Ind. App. 175, 99 N. E.
530, 100 N. E. 472, in support of the proposition that,
in sustaining the motion for judgment on the interroga-
tories, the motion for a new trial was not passed on, so
that justice requires the granting of a new trial.
*Masterson* v. *Southern R. Co.* (1908), 170 Ind. 296, 84
N. E. 505, is cited to the proposition that, when judg-
ment has been entered on the interrogatories, the gen-
eral verdict is thereby vacated and annulled and cannot
thereafter be made the foundation of a judgment.
Neither of the cases cited are controlling for the reason
that no motion for a new trial had been filed in either
of them.   On reversal the trial court had no authority
to pass upon the merits of such motion and a new trial
could only be granted by a mandate of the Supreme
Court.   The court in each of said cases simply held that,

under the condition of the record, the ends of justice would be best subserved by ordering a new trial.

In *Hobbs, Admr.,* v. *Salem, etc., Stone Co.* (1899), 22 Ind. App. 436, 53 N. E. 1063, the appellee filed its motions for judgment *non obstante* and for a new trial; the former was sustained, no ruling having been made on the latter motion. The case was reversed, with directions to the trial court to render judgment upon the general verdict for appellant. After the cause was remanded the appellee insisted that the motion for a new trial should be ruled upon. The court evidently refused to rule upon this motion, and rendered a judgment on the general verdict. The stone company then appealed from the action of the court (*Salem-Bedford Stone Co.* v. *Hobbs* [1901], 27 Ind. App. 604, 61 N. E. 956), where the action of the trial court in rendering judgment on the verdict and in refusing to rule on the motion for a new trial was affirmed by a divided court.

In *Masterson* v. *Southern R. Co.,* *supra,* the court, in speaking of the appellant's motion for judgment on the verdict, said: "The granting of appellee's motion for judgment upon the interrogatories and answers *ipso facto* annulled and vacated the general verdict, * * * The general verdict was no longer in existence to serve as the basis of a motion for judgment." The appellant, Masterson, however, had reserved no exception to the action of the trial court in rendering judgment for the appellee *non obstante,* and was in no position to complain of the action of the court.

In the instant case the verdict of the jury was, for the time being at least, vacated and set aside by the action of the court in rendering judgment for the appellee on the interrogatories and answers thereto, but we have before held that the court committed an error in so rendering judgment for appellee, and, in the absence of some error justifying the trial court in granting appel-

lee a new trial, appellant should have had judgment on the general verdict.

In *Wise* v. *Cleveland, etc., R. Co.* (1915), 183 Ind. 484, 108 N. E. 369, the case was reversed, with directions to overrule the motion for judgment on the answers to interrogatories. When the mandate was acted upon by the trial court, it followed the instruction of the Supreme Court, and in addition thereto overruled the defendant's motion for a new trial, which had been filed prior to the rendition of judgment for defendant *non obstante.* On a second appeal the action of the trial court in rendering judgment on the original verdict and in overruling the motion for a new trial was affirmed. *Cleveland, etc., R. Co.* v. *Wise* (1917), 186 Ind. 316, 116 N. E. 299.

If the motion for a new trial has not been disposed of, it will be the duty of the trial court to rule upon that motion. If such motion has been or shall be overruled, judgment should then be entered on the general verdict as of a date prior to appellant's death.

Judgment reversed as of the date of submission, with direction to the trial court to overrule the motion for judgment on the answers to the interrogatories as of a date prior to appellant's death, and for further proceedings not inconsistent with this opinion.