Terre Haute, etc., Traction Co. *v.* Stevenson—73 Ind. App. 294.

down, and crossed over said "uninclosed and unimproved land" onto the right of way and track of appellee at the place where it was killed by one of appellee's cars.

At common law there was no duty resting upon a railroad company to fence its track. *Leary* v. *Cleveland, etc., R. Co.* (1920), 74 Ind. App. ——, 123 N. E. 808, and, unless such duty is imposed by statute, a railroad company is not guilty of negligence in failing to erect and maintain fences along its right of way. *Union Traction Co.* v. *Thompson* (1916), 61 Ind. App. 183, 111 N. E. 648. It conclusively appears from the answers to interrogatories that the place in question was not one which our statute required to be fenced. The case of *Terre Haute, etc., Traction Co.* v. *Phillips* (1912), 49 Ind. App. 643, 97 N. E. 1014, upon which appellee seems to rely, is not in point. In that case the mules were killed at a point required to be fenced.

We find no error in this record, and the judgment is therefore affirmed.

---

TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* STEVENSON.

[No. 10,021. Filed February 6, 1920. Rehearing denied May 12, 1920.]

1. NEGLIGENCE.—*Contributory Negligence.—Child of Five Years.*—A child of five years cannot be guilty of contributory negligence. p. 295.

2. NEGLIGENCE. — *Contributory Negligence. — Imputability to Child of Five Years.*—Contributory negligence cannot be imputed to a child of five years. p. 295.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Majoria Stevenson, by next friend, against the Terre Haute, Indianapolis ، and Eastern Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*McNutt, Wallace, Sanders & Randel* and *Hays & Hays,* for appellant.

*Orion B. Harris, Charles H. Bedwell, James E. Piety* and *John O. Piety,* for appellee.

NICHOLS, C. J.—The accident involved in this cause resulted in the serious injury of a mother and her little daughter, five years old, and in the death of an older daughter. The mother is the appellee in *Terre Haute, etc., R. Co.* v. *Stevenson* (1920), 189 Ind. 100, 123 N. E. 785, 126 N. E. 3. The injured daughter is the appellee in this case. In the case decided by the Supreme Court, it was held that the mother and older daughter were guilty of contributory negligence, but the judgment for the appellee was affirmed upon the doctrine of "last clear chance."

In this case, the appellee, being *non sui juris,* was not guilty of contributory negligence, nor could the contributory negligence of the mother and older 1-2. daughter be imputed to her. We have then, as far as this appellee is concerned, a case of simple negligence. The facts of the two cases are essentially the same, and there can be nothing gained in repeating them in this opinion. There being no substantial difference in the proceedings in the two cases, and the case in the Supreme Court having been affirmed, the judgment in this case is also affirmed.