LAUER *v.* ROBERTS.

[No. 14,732.   Filed September 27, 1934.]

*Walter A. Rice* and *Walter R. Arnold,* for appellant.

*Chester L. DuComb, Rollo Bondurant,* and *Clifford V. DuComb,* for appellee.

WOOD, J.—Appellee recovered a judgment against appellant for damages suffered as a result of personal injuries sustained by her, when hit by an automobile

driven by appellant as appellee was walking from the the north to the south side of Lincolnway West, in the city of Mishawaka, at a point a short distance east of its juncture with a street running north known as River Avenue.

The issues consisted of an amended complaint in one paragraph, answered by a general denial. Appellant filed a motion for a new trial; this was overruled, and this action of the court is the only error assigned for reversal.

The only alleged ground for a new trial discussed and relied upon by appellant as sufficient to require a reversal of this cause is instruction No. 15, given to the jury at request of appellee. It reads as follows:

> "I instruct you, Gentlemen of the Jury, that the driver of an automobile must know that other persons have a right to use a street to cross the same, and it is the duty of the driver of the automobile to anticipate that the street will be used by pedestrians, and, therefore, it is also the duty of the driver to look, to see, and know that such pedestrian is not in his road, and a driver must operate an automobile at such speed that persons rightfully in, or attempting to cross such street, shall not be injured by the reason of the failure to stop such machine and thereby avoid injuring them; the failure to see such persons in time to stop and avoid injury is no excuse; due care requires that the driver shall see such persons, so rightfully attempting to cross such street in time to stop the machine; it is negligence to not see such persons, and it is negligence to so run the machine that the same cannot be stopped and injury avoided if such persons are seen."

The appellee, a pedestrian, and the appellant, driver of an automobile, in the absence of some special regulations, ordinance, or law, had corresponding and reciprocal rights upon the street, each being required to exercise such reasonable care as the surrounding circumstances demanded to avoid injury

one to the other. *Craft* v. *Jones* (1920), 74 Ind. App. 71, 124 N. E. 473; *Florida, etc., Co.* v. *Hillman* (1924), 87 Fla. 512, 101 So. 31.

It was agreed that about seven o'clock p. m. May 18, 1929, a street car traveling west on Lincolnway West had stopped at its junction with River Avenue to discharge and take on passengers. While the street car was stopped for this purpose, the appellee left the curb on the north side of Lincolnway West to walk to the south side of the street, going around the east or rear end of the street car. Then the record discloses a very decided dispute in the evidence. Whether the appellee was walking, or going at a "slow trot," whether she came from behind the street car suddenly, or was out in full view of the appellant some seconds before the impact, whether she failed to observe the approach of appellant's automobile or walked against its side, the rate of speed of the automobile, its location with reference to the street car, the distance of the automobile from appellee when she came from behind the street car, the opportunity of appellant to see appellee as she came from behind the street car, and the opportunity of appellant, by the exercise of reasonable care to avoid hitting appellee after discovering her presence in the street, were facts concerning which the evidence was sharply conflicting.

Whether the appellant did all that a reasonably prudent person should do under all the circumstances to avoid hitting appellee and inflicting injuries upon her, was a question to be submitted to the jury for its determination under proper instructions. This the appellant admits, but he contends that the language used in the last part of the instruction complained of, to wit: "The failure to see such persons in time to stop and avoid injury is no excuse; due care requires that the driver shall see such person, so right-

fully attempting to cross such street in time to stop the machine; it is negligence to not see such persons, and it is negligence to so run the machine that the same cannot be stopped and injury avoided if such persons are seen," was mandatory in its terms, and took from the jury the duty to determine in view of the conflict in the evidence on this pivotal point in the case the question of the exercise of reasonable care, on the part of appellant to avoid the injury.

We agree with appellant's contention. If the appellant did see, or in the exercise of reasonable care could have seen the appellee in time to avoid hitting her it was his duty to do so, and failure upon his part to thus conduct himself would render him liable for resulting injuries. *Fisher* v. *Eads* (1929), 90 Ind. App. 137, 168 N. E. 495. That part of the instruction complained of informed the jury that failure to see such person in time to stop and avoid injury was no excuse; that due care required the driver to see, and that it was negligence not to see such person. Thus taking from the consideration of the jury the question whether or not, under all the circumstances in this case, the appellant could, by the exercise of reasonable care, have seen the appellee in time to avoid the injury.

"It is the law that, where a mandatory instruction is given, which instruction omits some essential element of recovery and which omitted element is a controverted question of fact, such error can only be cured by the withdrawal of the instruction so given." *City of Union City* v. *Fisher* (1930), 91 Ind. App. 672, 675, 173 N. E. 330.

Judgment reversed with instructions to sustain appellant's motion for a new trial.