DILWORTH *v.* WIMER, ADMINISTRATRIX.

[No. 16,172. Filed June 13, 1939.]

644

*Hickey & Dilworth* and *Horner, Thompson & Mc-Dowell,* for appellant.

*Karrer, Peden & Baker* and *Reidelbach & Spangler,* for appellee.

LAYMON, J.—Appellee sought by this action to recover damages on account of the alleged wrongful death of Daniel Wimer, deceased, resulting from his being struck by an automobile driven by appellant on state road No. 29 in Pulaski County, Indiana.

The complaint, which was in one paragraph, proceeded upon the theory that on August 24, 1935, and for some time prior thereto, state road No. 29 extended through the county of Pulaski in a northern and southern direction and over a certain hill, commonly known as Paddy Hill, situated approximately five miles north of the city of Winamac, Indiana; that plaintiff's decedent was crossing said state road No. 29 from the west to the east at a point south of the top of said hill and had reached a point just east of the center line of said state road when the defendant (appellant) negligently operated his automobile at a careless and dangerous rate of speed, without having said car under adequate control, carelessly and negligently failed to look for pedestrians or traffic ahead, and carelessly and negligently operated said automobile on the left side of the road and ran into and against the body of plaintiff's decedent, thereby causing injuries from which he died. The complaint was answered in general denial. There was a trial by a jury, resulting in a verdict in favor of appellee. In due time appellant filed his motion for a new trial, alleging that the verdict of the jury is not

sustained by sufficient evidence; that the verdict of the jury is contrary to law; error of the court in refusing to direct a verdict at the close of plaintiff's evidence; error of the court in giving and refusing to give each of certain instructions; and error in the admission of evidence. This motion was overruled and excepted to, and judgment was rendered upon the verdict. The error assigned is the action of the trial court in overruling appellant's motion for a new trial.

Appellee challenges the sufficiency of appellant's brief to present any question for review. It is contended that appellant has failed to comply with clause No. 6 of rule No. 18 of the Rules of the Supreme and Appellate Courts of this state, adopted on June 21, 1937, in that part of his brief devoted to "Propositions and Authorities." We have noted the specific objections urged and conclude that appellant has substantially complied with the rules.

One of the causes for a new trial discussed and relied upon by appellant for a reversal is the giving of appellee's tendered instruction No. 4. This instruction is as follows:

"Ladies and Gentlemen of the Jury:
"I instruct you that it is the law of this State that the driver of an automobile must know that other persons have a right to use the street, or highway, to cross the same, and it is the driver's duty to anticipate that the street, or highway, will be so used by pedestrians, and therefore it is his duty to look to see and know that such pedestrian is not in his road, and he must operate his machine at such speed that persons rightfully in, or attempting to cross such highway, shall not be injured by reason of his failure to stop such machine and thereby avoid injuring them; his failure to see such persons in time to stop and avoid injury is no excuse; due care requires that he shall see such persons so rightfully attempting to cross such street in time to stop his machine; it is negligence not to see such person, and it is negligence so to run the machine that the same

can not be stopped, and injury avoided, after such persons are seen."

The propriety of giving an instruction substantially the same as the one here questioned was before this court in the case of *Lauer* v. *Roberts* (1934), 99 Ind. App. 216, 192 N. E. 101. The facts in that case were similar to the facts in the instant case. There appellee recovered a judgment for damages for personal injuries sustained by her when hit by an automobile driven by the appellant as she was walking from the north to the south side of a certain street in the city of Mishawaka, Indiana. In disposing of the claimed error of the trial court in giving the instruction complained of, this court said (p. 219):

"That part of the instruction complained of informed the jury that failure to see such person in time to stop and avoid injury was no excuse; that due care required the driver to see, and that it was negligence not to see such person. Thus taking from the consideration of the jury the question whether or not, under all the circumstances in this case, the appellant could, by the exercise of reasonable care, have seen the appellee in time to avoid the injury."

The giving of the instruction was held to be reversible error.

We think that the conclusion reached in the Lauer case is sound, and upon the authority of that case we conclude that instruction No. 4 tendered by appellee and given by the court is erroneous, the giving of which constitutes reversible error.

There are other questions presented, but after having carefully examined them, we feel that no good purpose would be served by extending this opinion to discuss them.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial.