MEINEKE *v.* HOLLOWELL, BY HOLLOWELL, HIS NEXT FRIEND.

[No. 19,754. Filed August 11, 1964.]

*Barrett, Barrett & McNagny* and *J. A. Bruggeman,* both of Fort Wayne, for appellant.

*Gilmore S. Haynie, David B. Keller,* and *Campbell, Livingston, Dildine & Haynie,* all of Fort Wayne, for appellee.

CARSON, J.—This was an action brought in the Adams Circuit Court by the appellee, John L. Hollowell as next friend of William N. Hollowell, against Jane I. Meineke, to recover damages from injuries claimed to have resulted from a collision between an automobile operated by the appellant and William N. Hollowell. Issue was joined upon an amended complaint and three paragraphs of answer under Rule 1-3 of the Supreme Court of Indiana. The cause was submitted to a jury which returned a verdict in favor of the appellee and motion for new trial was filed and overruled and judgment entered on the verdict. The only error assigned is the overruling of the appellant's motion for new trial.

The appellant in her motion for new trial charged error of law as follows: 1. (a) the overruling of objections of the appellant of certain questions propounded by the appellee and admitting the answer; (b) the refusal to give certain instructions tendered by the defendant; (c) the giving of certain instructions tendered by the appellee over the objection of the appellant; 2. two is a repetition of 1(c); 3. that the damages are excessive; 4. that the verdict of the jury is not sustained by sufficient evidence; 5. that the verdict of the jury is not sustained by law. The argument portion of the appellant's brief follows the same order as the points raised in the appellant's motion for new trial and we shall consider the points in that order.

It is necessary to set out the question and objection in order to properly understand the point raised by

the defendant with respect to appellant's objection to certain questions.

"Q. —Isn't it a fact, Mrs. Meineke, you ran over a man at a cross-walk two months after the accident, when the man was crossing with the green light?
WM. MC NAGNY: We object to that, and that the Jury be instructed to disregard it, object to the question as being improper, it has nothing whatever to do with this case."
"WILLIAM F. MC NAGNY: The fact is, Your Honor, this other accident would have nothing to do with the one in consideration."
"WILLIAM F. MC NAGNY: There is no charge in the complaint that the woman's eyes are not alright, she is properly licensed."

The trial court overruled the objections and admitted the evidence. It is not necessary for us to discuss the question of whether or not the evidence was proper in this case for the reason that the appellant's objections were too general and did not save any question for review by this Court on appeal. In this connection attention is called to a recent case decided by this Court. *Topper* v. *Dunn* (1961), 132 Ind. App. 306, 177 N. E. 2d 382 and cases cited therein.

In specification 1(b) of the motion for new trial the appellant objected to the refusal of the court to give defendant-appellant's instructions 11, 15, 22 and 22 1/2. The appellant failed to brief and argue the alleged error with respect to instructions 11, 15 and 22 and therefore these errors are waived. Instruction number 22 1/2 covered the proposition of contributory negligence on the part of the appellee, William N. Hollowell. William was a child of tender years being but five years old at the

time of the accident. Under the cases in Indiana he could not have been guilty of contributory negligence and therefore the refusal of the court to give this instruction was not error. *Fuller* v. *Thrun* (1941), 109 Ind. App. 407, 31 N. E. 2d 670. *Terre Haute, etc., Traction Co.* v. *Stevenson* (1920), 73 Ind. App. 294, 126 N. E. 34.

Appellant assigns error in his motion for new trial 1(c) relating to the giving of instructions 4, 7, 8, 9, 10 and 12 tendered by the appellee and objected to by the appellant. Instructions 4, 9 and 12 were not briefed and argued and therefore these assignments are waived. Instructions 7, 8 and 10 read as follows:

### "PLAINTIFF'S INSTRUCTION NO. 7"

"I instruct you that the driver of an automobile must know that other persons have a right to use a street and to cross the same, and it is the duty of the driver of the automobile to anticipate that the street will be used by pedestrians, and, therefore, it is also the duty of the driver to look, to see, and know that such pedestrian is not in his road, and a driver must operate an automobile at such speed that persons rightfully in, or attempting to cross such street, shall not be injured by the reason of the failure to stop such machine and thereby avoid injuring them."

### "PLAINTIFF'S INSTRUCTION NO. 8"

"The law presumes that defendant, if she possessed good eyesight, must have seen that which was in range of her vision, if she gave attention and looked."

### "PLAINTIFF'S INSTRUCTION NO. 10"

"While it is the law that a person placed in a sudden emergency is only required to exercise such care as a reasonably prudent man or woman would exercise when confronted with such an emergency and is not required to act with the circumspection expected of a person who has had

the opportunity to calmly select his or her course of conduct, yet, this rule does not apply to a person who has himself or herself created the emergency by his or her own negligent conduct.

'If, therefore, you should find that by her own negligent act or omission the defendant created an emergency, the existence of the emergency would not in any manner operate to excuse her from exercising reasonable care and prudence in extricating herself from such emergency."

The appellant relies upon *Lauer* v. *Roberts* (1934), 99 Ind. App. 216, 192 N. E. 101, to support his argument that this action should be reversed because of appellee's instruction number 7. He also cites *Dilworth* v. *Wimer, Admx.* (1939), 106 Ind. App. 643, 21 N. E. 2d 423. We do not think either of these cases are controlling. We must consider the instruction given in light of the issues raised by the pleadings and the evidence given during the trial of the cause. The jury in the case before us saw the exhibits and heard the testimony of the witnesses, all of which evidence indicated that the appellant had a clear and unobstructed view of the terrain over which the appellee travelled up to and including the point at which the accident occurred. This view was clear for a distance of at least a city block. Certainly it was not error to give a charge to the jury which was supported by the issues and the evidence.

In reviewing instructions 8 and 10 we conclude that in light of the evidence which was before the jury that these instructions were proper. Instruction number 8 presumes that the appellant should have seen that which was in plain sight and instruction number 10 deals with the question of an emergency. Again we say that the evidence was before the jury and unless the instructions mislead the jury

in considering the evidence we would consider any error harmless and not reverse for such reason.

> "If upon the whole record 'it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below, it is the duty of this court not to disturb the judgment."

*Pichon* v. *Martin* (1905), 35 Ind. App. 167, 170, 73 N. E. 1009. See also *Supreme Council, etc.* v. *Logsdon* (1915), 183 Ind. 183, 108 N. E. 587. Further this court has held that the law presumes that a person sees that which is in plain sight. *Scott* v. *Sisco* (1959), 129 Ind. App. 364, 156 N. E. 2d 895.

An examination of the record disclosed that the plaintiff's son, William Hollowell, suffered internal injuries including a fracture of the liver, and it was necessary to remove the gall bladder; that it was necessary to put a pin in the left femur; that he was in bed traction for several weeks; that he was still in a cast in March; that he was not discharged by his doctor until seven months after the date of his injury. Unless the verdict of the jury is so large as to shock the senses and lead one to believe that the jury was swayed by passion and prejudice, or some improper element, the amount of the verdict will not be disturbed as being excessive. *Indianapolis Railways* v. *Williams* (1945), 115 Ind. App. 383, 59 N. E. 2d 586. *Kawneer Mfg. Co.* v. *Kalter* (1918), 187 Ind. 99, 118 N. E. 561. *City of Indianapolis* v. *Stokes* (1914), 182 Ind. 31, 105 N. E. 477.

In point 4 of the appellant's motion for new trial the appellant specifies that the verdict of the jury is not sustained by sufficient evidence. This calls upon us to weigh the evidence where the evidence is conflicting and this we will not do.

*Norman* v. *Norman* (1960), 131 Ind. App. 67, 169 N. E. 2d 414. *N. O. Nelson Mfg. Corp.* v. *Dickson* (1944), 114 Ind. App. 668, 53 N. E. 2d 640.

Point 5 is that the verdict of the jury is contrary to law. This assignment requires us to consider whether or not the verdict of the jury is incorrect as a matter of law. It has been repeatedly held by the Supreme Court of Indiana and by this Court that in passing upon an assignment of this nature we consider only the evidence most favorable to the appellee, and draw all reasonable inferences therefrom. *Hinds, Executor, etc.* v. *McNair et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553. 2 I. L. E., Appeals §529 p. 444.

Judgment affirmed.

Cooper and Ryan, JJ., concur. While Judge Clements participated in the hearing of the oral argument and conference of the Judges above-named, he concurred in the result at the time of the conference but did not participate in the adoption of this final opinion.

NOTE.—Reported in 200 N. E. 2d 541.