Gary L. MARKS and Mr. Sanitation, Inc., Appellants (Defendants Below),

v.

Donald E. GASKILL and Mary Ann Gaskill, Appellees (Plaintiffs Below).

No. 50S03–9012–CV–779.

Supreme Court of Indiana.

Dec. 13, 1990.

Timothy J. Walsh, Edward N. Kalamaros & Associates, South Bend, for appellants.

Stephen L. Eslinger, South Bend, for appellees.

### PER CURIAM.

This is the second in a series of cases presenting the issue of whether a trial court may properly allow a jury to consider the effect of an injury on the "quality and enjoyment of life" as a separate element when awarding damages in a personal injury action. The Court of Appeals held that such an instruction was improper. We agree.

On September 10, 1984, Gary L. Marks pulled his Mr. Sanitation garbage truck onto U.S. Highway 20 in Mishawaka and collided with a Pontiac automobile driven by Donald Gaskill. Gaskill suffered injuries to his leg and neck which required him to undergo surgery twice.

Gaskill sued Marks and Mr. Sanitation claiming negligence. His complaint also contained a claim from his wife for loss of consortium. Marks and Mr. Sanitation asserted contributory negligence as an affirmative defense. The jury found for the Gaskills and awarded $100,000 to Gaskill and $10,000 to his wife.

Marks and Mr. Sanitation raised two issues on appeal. First, they argued that the trial court committed reversible error when it allowed the investigating police officer to testify as an expert on the defendant's fault. Second, they argued that the trial court erred by instructing the jury that it could consider as a separate element in its damage calculation the plaintiff's loss of the enjoyment of life. The Court of Appeals held for Marks and Mr. Sanitation on both issues, reversed the jury's award, and remanded the case for a new trial. *Marks v. Gaskill* (1989), Ind.App., 546 N.E.2d 1245. We grant transfer.

■ The Court of Appeals determined that the trial court committed reversible error when it allowed the investigating police officer, Darrell Benjamin, to testify that in his opinion the driver of the truck was "at fault." Permitting an expert to give such an opinion is error. *Rosenbalm v. Winski* (1975), 165 Ind.App. 378, 332 N.E.2d 249.

■ The Court of Appeals also held that the trial court erred by instructing the jury that it could consider loss of "quality and enjoyment of life" as a separate element of damages. We agree with the Court of Appeals' conclusion, for reasons explained today in *Canfield v. Sandock*, 563 N.E.2d 1279 (Ind.1990). While we concluded in *Canfield* that the simple error involving the "enjoyment of life" instruction was insufficient to require reversal,

the two errors in this case do warrant a new trial.

The decision of the trial court is reversed and the case is remanded for a new trial.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.

PIVARNIK, J., concurs in result.