**Monica WITTE, James Witte, and Diane Witte, Appellants–Defendants,**

**v.**

**M.M., a minor, by her next friend, parent and guardian, Kristin MUNDY, and Kristin Mundy, personally, Appellees–Plaintiffs.**

No. 17A05–0303–CV–147.

Court of Appeals of Indiana.

Dec. 3, 2003.

Rehearing Denied March 9, 2004.

Michael H. Michermerhuizen, Patrick G. Murphy, Barrett & McNagny, LLP, Fort Wayne, IN, Attorneys for Appellant.

Konrad M:L. Urberg, Joseph Christoff, Christoff & Christoff, Fort Wayne, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

Mikayla Mundy, by her next friend Kristin Mundy, filed a complaint against Monica Witte, a minor, and her parents, James and Diane Witte, for personal injuries Mikayla sustained in a collision between herself and Monica Witte. A jury trial resulted in a verdict for the Wittes. Mikayla filed a Motion to Correct Error which the trial court granted, setting aside the jury verdict and ordering a new trial. The Wittes appeal the trial court's order.

We affirm.

### Issues

The Wittes raise two issues for our review, which we consolidate and restate as follows: whether the trial court properly granted Mikayla's motion to correct error and set aside the jury verdict. In addition, Mikayla raises an issue as to whether the trial court properly allowed the investigating officer to testify as an expert on the issue of fault.

### Facts and Procedural History

At the time of this incident, Mikayla was five years old. She was playing outside while her mother, Kristin, was inside her home with her youngest child. Mikayla borrowed a bike from a neighbor and began riding on McClellan Street, did not stop at a stop sign where McClellan intersected with Ninth Street, and began to cross Ninth Street. Monica was driving her car westbound on Ninth Street and struck Mikayla, causing injury to Mikayla.

Kristin filed a complaint against the Wittes, both as Mikayla's next friend and individually. She subsequently filed a motion to dismiss herself as an individual

plaintiff. The Wittes objected and filed a request to amend their answer to name Kristin as a nonparty. The trial court granted Kristin's motion to dismiss and denied the Wittes motion to add her as a nonparty.

Mikayla filed a motion in limine, seeking an order that the Wittes "not ask any questions, introduce evidence, or make any statements whatsoever concerning any comparative fault or contributory negligence on the part of Kristin Mundy—the mother of Mikayla Mundy—related to Mikayla Mundy's cause of action against [the Wittes]." Appellants' Appendix at 58. The trial court granted this motion over the Wittes' objection.

At the jury trial of this matter, the Wittes were permitted over Mikayla's objection to question Mikayla about whether her mother had taught her bike safety and to question Kristin about her supervision of Mikayla. During closing, the Wittes argued that Kristin's failure to adequately supervise Mikayla was the proximate cause of Mikayla's injuries. The trial court then instructed the jury that Mikayla could not be assessed any fault due to her age and that "[s]hould you find that Kristin Mundy was negligent, you cannot hold Mikayla Mundy responsible for the negligence of her mother." Tr. at 714. The court also instructed the jury regarding an "intervening cause":

Proximate cause is that cause which produces the injury complained of and without which the result would not have occurred. That cause must lead in a natural and continuous sequence to the resulting injury unbroken by any intervening cause. And [sic] intervening cause is an action by a third party or agency that breaks the causal connection between the Defendant's alleged negligence and the Plaintiff's injury. This intervening cause then becomes a

direct cause of the injury. If you decide that the injury to the Plaintiff would not have occurred without the action of the third party or agency, then the Plaintiff cannot recover from the Defendant. However, if you find that the Defendant acted negligently and could have reasonably foreseen the actions of the third party or agency, then the Defendant can still be liable for the Plaintiff's injuries.

Tr. at 714–15. The jury returned a verdict in favor of the Wittes and judgment was entered on the verdict.

Mikayla then filed a motion to correct error, alleging that the court improperly allowed the Wittes to advance the argument that Kristin's failure to properly supervise Mikayla was the proximate cause of Mikayla's injuries despite granting a pre-trial motion in limine to limit such testimony. The Wittes objected, arguing that the trial court erred initially in denying their request to add Kristin as a nonparty, and that the allowed testimony merely corrected that error. The trial court granted the motion, finding that

In response to the Court's ruling on the Motion in Limine, the [Wittes] argued that conduct of Kristin leading up to the accident was relevant to determine the proximate cause of Mikayla's injuries. Even though Kristin's actions or inactions would not be labeled as "fault," or assigned a percentage of fault, thus reducing Mikayla's recovery, the [Wittes] said the jury was entitled to consider whether Kristin's actions caused Mikayla's injuries. The Court accepted this argument. This resulted in evidence being admitted concerning Kristin's conduct, most of it over [Mikayla's] objection, on the issue of "proximate cause" but not "fault."

The Court now believes that this is a distinction without a difference in this context. The problem is compounded

by Final Jury Instruction No. 14 on intervening cause.

\* \* \*

... Attributing fault to Kristin is in violation of the Motion in Limine.

The problem was compounded by instructing the jury on intervening cause and not allowing a non-party defendant to be named in which to place fault. The [Wittes] believe[ ] the Court was right to allow the issue of Kristin's intervening cause to be argued to the jury, but wrong to deny their request to name her as a non-party.... [Mikayla] cited authority that without naming Kristin as a non-party defendant, it is error to instruct the jury on intervening cause, inviting the jury to determine the fault of an unnamed non-party.... The issue of Kristin's alleged causation of the injuries suffered by Mikayla should not have been presented to the jury, nor should the jury have been instructed regarding intervening cause.

Appellant's Appendix at 10–11. The trial court thus set aside the jury verdict and judgment. Both parties raise issues on appeal.

## Discussion and Decision

### I. The Wittes' Issue: Grant of a New Trial

The Wittes contend that the trial court initially erred in denying their request to add Kristin as a nonparty, cured that error by allowing testimony at trial regarding Kristin's conduct, but ultimately erred in determining that testimony was improperly allowed, granting Mikayla's motion to correct error and setting aside the jury verdict.

#### A. Standard of Review

■ A trial court has wide discretion to correct errors and grant new trials. *Centennial Mortgage, Inc. v. Blumenfeld,*

745 N.E.2d 268, 273 (Ind.Ct.App.2001). We will reverse only for an abuse of discretion. *Id.* An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom. *Id.* An abuse of discretion also results from a trial court's decision that is without reason or is based upon impermissible reasons or considerations. *Id.*

### B. Nonparty Defense

The comparative fault act provides that "[i]n an action based on fault, a defendant may assert as a defense that the damages of the claimant were caused in full or in part by a nonparty." Ind.Code § 34-51-2-14. The defense is to be asserted as part of the defendant's first answer if the defense is known to him at that time. Ind.Code § 34-51-2-16. Otherwise, the defense is to be asserted with "reasonable promptness." *Id.*[1]

■ In this case, Kristin was originally an individual named plaintiff on the complaint along with Mikayla. The Wittes filed their answer which asserted as a defense that "Plaintiffs' own negligence caused or contributed to the alleged accident and damages...." Appellants' Appendix at 55. Two years after the complaint was filed and two business days before a jury trial was scheduled to begin, Kristin filed a motion to dismiss herself as an individual plaintiff. The next day, the Wittes filed an objection to the motion to dismiss, arguing that they would be prejudiced by her dismissal and requesting leave to amend their answer to name Kristin as a nonparty in the event she was dismissed as an individual plaintiff. The trial court, without explanation, granted Kristin's motion to dismiss and denied the Wittes' motion to amend their answer.

■■ The decision whether to grant or deny a motion to amend is within the discretion of the trial court and may be reversed only upon a showing of abuse of discretion. *McClain v. Chem–Lube Corp.,* 759 N.E.2d 1096, 1105 (Ind.Ct.App.2001), *trans. denied.* Leave to amend pleadings should be liberally granted unless the amendment would prejudice the opposing party. *Gilliam v. Contractors United, Inc.,* 648 N.E.2d 1236, 1240 (Ind.Ct.App. 1995), *trans. denied.* Our supreme court has explained the purpose of the notice requirement:

> [I]t is clear to us that the notice provisions with respect to nonparty affirmative defenses are designed, first and foremost, to advise plaintiffs of potential named defendants from which they may be able to obtain recovery and, secondarily, to put plaintiffs on notice generally of the contours of the defendant's case at trial. No violence is done to either of those objectives by permitting a defendant to assert a nonparty affirmative defense reasonably promptly after receiving notice that a named party defendant has been dismissed from the lawsuit.

*Owens Corning Fiberglass Corp. v. Cobb,* 754 N.E.2d 905, 915 (Ind.2001). Here, Kristin was initially a party to the case. The Wittes put Kristin and Mikayla on notice via their answer that they were alleging Kristin was at least partially responsible for Mikayla's injuries and damages. They could not add Kristin as a

---

1. There is also a provision providing a time limit for assertion of the defense if the complaint if filed less than 150 days before the expiration of the statute of limitations. Ind. Code § 34-51-2-16. That provision is not an issue here, as the accident occurred on April 14, 2000, and the complaint was filed December 12, 2000, well in advance of 150 days before the expiration of the two-year statute of limitations.

nonparty at that time because she was already a party. *See id.* at 914 (noting that named defendants could not be added as nonparties in an original answer).[2] When, two years into the lawsuit and two days before trial, Kristin moved to be dismissed as an individual plaintiff, the Wittes immediately moved to add her as a nonparty so that their defense that Kristin's negligence contributed to Mikayla's injuries remained viable. Thus, timeliness is not an issue, as they moved to assert the nonparty defense reasonably promptly after receiving notice that a named party plaintiff might be dismissed from the lawsuit.

Mikayla contends that the trial court properly denied the request because as a matter of law, she, a child under the age of seven, could not be negligent, and Kristin's negligence could not be imputed to her, citing *City of Evansville v. Senhenn*, 151 Ind. 42, 47 N.E. 634 (1897), *Terre Haute I. & E. Traction Co. v. Stevenson*, 73 Ind. App. 294, 126 N.E. 34 (1920), and *Mann v. Anderson*, 447 F.2d 533 (7th Cir.1971). However, those cases were decided under the principles of contributory negligence long before the comparative fault act was enacted, and are therefore clearly and easily distinguishable.

■ The comparative fault act ameliorates the harsh rule of contributory negligence that any negligence, however slight, on the part of the plaintiff precludes recovery by attempting to ensure that each person who contributes to cause an injury bears the burden of reparation for that injury in proportion to his share of the total fault. *Faust v. Thomas*, 535 N.E.2d 164, 165 (Ind.Ct.App.1989). Thus, a named defendant can assert as a defense that the plaintiff's damages were caused in full or in part by a nonparty to the action. Ind.Code § 34–51–2–14. When the comparative fault act was first enacted, a nonparty was defined as "a person *who is, or may be liable* to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the claimant." Ind.Code § 34–4–33–2(a) (1995) (emphasis added). In 1995, the statute was amended to define a nonparty "a person *who caused or contributed to cause* the alleged injury, death, or damage to property. . . ." Ind.Code § 34–6–2–88 (emphasis added). We have held that this amendment specifically eliminated the concept of liability from consideration of who may be named a nonparty. *Bulldog Battery Corp. v. Pica Investments, Inc.*, 736 N.E.2d 333, 338 (Ind.Ct. App.2000). "Just as it may be considered 'unfair' to deprive the plaintiff of recovering the full amount of his or her damages due to the allocation of fault to a nonparty, it would be 'unfair' to require the defendant alone to bear the cost of the plaintiff's damages if he or she was not solely responsible for the injury." *Id.*

■ In *Faust*, the plaintiff was a four-year-old child who was in the care of her aunt at a church function. The aunt asked a thirteen-year-old to look after the child. The thirteen-year-old was carrying something to her car and told the child to stay on the steps of the church. The child did not do so, ran between two parked cars and into the street, and was struck by a

**2.** We acknowledge that most of the cases to address the issue of naming a former party as a nonparty have considered the situation wherein a named defendant settles with the plaintiff or is otherwise dismissed and is then named a nonparty. However, the principles are the same whether the nonparty was originally a plaintiff or a defendant: while involved in the case, the entity's negligence is at issue and can be considered in the allocation of fault. Once dismissed, the entity's negligence is only a consideration if included as a nonparty.

passing motorist. The child sued the motorist, who named the aunt and the thirteen-year-old as nonparties. The jury assigned 66 2/3 % of the fault to the aunt and 33 1/3 % to the motorist. The child appealed, contending in part that the evidence supported only a finding that the aunt merely created a condition which did not proximately cause her injuries. This court disagreed and held that the verdict was not clearly erroneous. Although the issues presented in *Faust* are not precisely the issues presented here, the principles that a child's caretaker can be named a nonparty and the nonparty caretaker's negligence can reduce the child's recovery are relevant.[3] Contrary to Mikayla's claims, under comparative negligence, she would not be held vicariously liable for Kristin's negligence if Kristin were named a nonparty, and the fact that Kristin may not be liable to Mikayla does not preclude naming her as a nonparty. We hold that, under the nonparty provisions of the comparative fault act, the trial court abused its discretion in denying the Wittes' request to name Kristin as a nonparty.

## C. Harmless Error

■ The Wittes also contend that, assuming we agree that the trial court erred in not allowing them to name Kristin as a nonparty, the error was harmless because the trial court nonetheless allowed testimony regarding her negligence and instructed the jury on intervening cause, and the jury returned a verdict in their favor. The Wittes would have us reverse the trial court's grant of the motion to correct and reinstate the jury verdict. Although we do agree that the trial court should have allowed the Wittes to name Kristin as a nonparty, we disagree that the error was harmless.

■ In a comparative fault case,

[t]he court shall furnish to the jury forms of verdicts that require only the disclosure of:

(1) the percentage of fault charged against each party and nonparty; and
(2) the amount of the verdict against each defendant.

If the evidence in the action is sufficient to support the charging of fault to a nonparty, the form of verdict also shall require a disclosure of the name of the nonparty and the percentage of fault charged to the nonparty.

Ind.Code § 34–51–2–11. Thus, fault may be allocated only to the plaintiff, any defendants, and any nonparties. *Rausch v. Reinhold,* 716 N.E.2d 993, 1000 (Ind.Ct. App.1999), *trans. denied.*

Although the verdict forms are not included in the record, it appears that the jury was given only general verdict forms; the verdict read "[i]n the case of Mikayla Mundy, by Kristin Mundy, versus Monica Witte: We, the jury, find for the Defendant, Monica Witte." Tr. at 723. It is clear, from the verdict for the Wittes and from the fact that fault could not be assigned to Mikayla by virtue of her age, that the jury allocated fault to Kristin. However, because Kristin was not named as a nonparty, it should not have done so. The proper procedure under the comparative fault act is to name Kristin as a nonparty, allow the parties to introduce evidence regarding her fault, and list her on the verdict form as one of the people to whom the jury may apportion some or all of the fault. The "all or nothing" verdict which the jury was apparently forced to

---

**3.** Mikayla contends that *Faust* is distinguishable because in that case, the supervising adult was named as a nonparty and Kristin was not. However, because that distinction is the very heart of the issue presented here, we disagree that *Faust* is not instructive.

render smacks of contributory fault, which is no longer the law of this state in these circumstances.[4]

The trial court granted Mikayla's motion to correct error on the premise that Kristin was properly *not* named a nonparty and that "the issue of Kristin's alleged causation of the injuries suffered by Mikayla should not have been presented to the jury." Appellant's Appendix at 11. We have held herein that Kristin *should* have been named a nonparty and that the Wittes may properly present evidence regarding her fault. Ultimately, although our reasoning differs, we agree that the trial court properly granted Mikayla's motion to correct error, set aside the jury verdict, and ordered a new trial.

## II.   Mikayla's Issue: Expert Testimony

■    Mikayla contends on cross-appeal that the trial court erred in allowing the investigating officer to testify as an expert. Given our resolution of the Wittes' issue, we need not address this issue; however, we do so as it may arise on retrial.

### A.   Standard of Review

■    Ruling on the admissibility of opinion evidence is within the discretion of the trial court, and we will reverse only for an abuse of that discretion. *Koziol v. Vojvoda,* 662 N.E.2d 985, 990 (Ind.Ct.App. 1996).

### B.   Officer McCarty's Testimony

On direct examination by the Wittes, Officer Christopher McCarty testified that he had been in law enforcement for approximately ten years and that he responded to the accident scene and spoke with Monica Witte. The Wittes asked if, after his investigation, he made a determi-

nation whether Monica was at fault. Mikayla objected to this question on the basis that there was no foundation laid for Officer McCarty to be qualified as an expert witness. The objection was overruled, and Officer McCarty testified that he determined Monica was not at fault.

Indiana Evidence Rule 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Evid. R. 702(a).   In *Marks v. Gaskill,* 546 N.E.2d 1245 (Ind.Ct.App.1989), cited by Mikayla, the investigating officer was allowed to testify as an expert to who was at fault for an automobile accident.   On appeal, we held that the officer was properly qualified as an expert due to testimony that he had nineteen years experience with the police department, had served most of those years in accident investigation, and had taken numerous refresher courses in accident investigation over the years. *Id.* at 1247.   In *Koziol,* cited by the Wittes, the investigating officer was qualified as an expert via testimony that he had eight years experience as an accident investigator, had investigated over 3,000 accidents, had attended several seminars and training sessions on accident reconstruction, and arrived on the scene of the accident at issue within a few minutes.   662 N.E.2d at 990.

We agree with Mikayla that Officer McCarty's testimony in this case fell short of qualifying him as an expert.   There was no testimony regarding his training in accident investigation or reconstruction and

---

4.   We also note that whether Kristin is a nonparty who caused in full or in part Mikayla's injuries and whether she was an "intervening

cause," regarding which the trial court instructed the jury, are two entirely separate issues.

no testimony regarding his past experience in investigating accidents. He described his current assignment as "a corporal on the road ... supervisor of the first shift [and] community policing officer." Tr. at 577. There was no testimony regarding his familiarity with the area. Under these circumstances, the trial court abused its discretion in qualifying him as an expert.

■ Assuming that Officer McCarty could properly be qualified as an expert on retrial, Mikayla also contends that it is improper to ask him for his opinion on who is at fault for the accident. In *Marks*, this court held that the investigating officer should not have been allowed to testify as to who was at fault. 546 N.E.2d at 1247, *aff'd*, 563 N.E.2d 1284 (Ind.1990). However, *Marks* was decided before the promulgation of our Rules of Evidence on January 1, 1994. Indiana Rule of Evidence 704 provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact." Evid. R. 704(a). In *Koziol*, decided under the Rules of Evidence, we held that the trial court did not abuse its discretion in allowing the investigating officer to testify as to fault because he possessed special knowledge which was helpful to the jury in understanding the evidence surrounding the accident and deciding the factual issues. 662 N.E.2d at 991. The *Koziol* court noted that *Marks* opinion, but stated that the trend in the cases decided under the Rules of Evidence was to "allow expert opinion testimony even on the ultimate issue of the case, so long as the testimony concerns matters which are not within the common knowledge and experience of ordinary persons and the testimony will aid the jury." *Id.* We are inclined to agree with the *Koziol* court that the question may be asked under appropriate circumstances, the determination of which is the discretion of the trial court.

*Conclusion*

The trial court abused its discretion in denying the Wittes' request to name Kristin as a nonparty. Due to the rules regarding allocation of fault, allowing testimony regarding Kristin's conduct did not cure that error. Therefore, the trial court properly set aside the jury verdict. On retrial, the Wittes should be allowed to name Kristin a nonparty to whom fault may be allocated by the jury. Further, on the evidence presented, the trial court erred in qualifying the investigating officer as an expert witness and allowing him to testify as to his opinion of fault. We therefore affirm the trial court's grant of Mikayla's motion to correct error and remand for retrial with instructions.

Affirmed.

NAJAM, J., and MATHIAS, J., concur.