ATTORNEYS FOR APPELLANTS
Gregory F. Zoeller
Attorney General of Indiana

Thomas M. Fisher
Solicitor General

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
Thomas R. Ruge
Steven W. Griesemer
Lewis & Kappes
Indianapolis, Indiana

David F. McNamar
McNamar & Associates, P.C.
Indianapolis, Indiana

ATTORNEY FOR AMICI CURIAE
Dennis K. Frick
Indiana Legal Services, Inc.
Indianapolis, Indiana

FILED
Aug 30 2010, 4:15 pm

CLERK
of the supreme court,
court of appeals and
tax court

---

# In the
# Indiana Supreme Court

---

### No. 49S02-1008-CV-463

ANNE W. MURPHY, in her individual capacity as Secretary of the Indiana Family and Social Services Administration, JEANNE LABRECQUE, in her individual capacity and as Assistant Secretary, Indiana Office of Medicaid Policy and Planning, INDIANA FAMILY AND SOCIETY SERVICES ADMINISTRATION, and INDIANA OFFICE OF MEDICAID POLICY AND PLANNING,

*Appellants (Defendants below),*

v.

JANNIS FISHER, PAT MARTIN, LOIS HENSLEY, a minor, b/n/f her mother, MARILY HENSLEY, COLLETTA CLAYTON, ANNA SKAGGS, COLUMBUS TRANSPORTATION, INC., AMBULATORY RENAL SERVICES, INC., CLASSIC CARRIAGE, INC., SUSAN BUCHANAN d/b/a/ MEDICAL TRANSPORT CS MEDICAL TRANSPORTATION SERVICE, INC., A.S.A.P. TRANSPORTATION, LTD., RIVER CITIES YELLOW CAB CO., INC., MAINSTREAM TRANSPORTATION AUTHORITY, INC., BASSEMIERS TRANSPORTATION, INC., AND WEST CENTRAL INDIANA AMBULATORY SERVICE, INC.,

*Appellees (Plaintiffs below).*

---

Appeal from the Marion Superior Court No. 1, Civil Division,

No. 49D01-9309-MI-952

The Honorable Cale J. Bradford, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-0602-CV-103

_____

August 30, 2010

**Per Curiam.**

The trial court ordered the State's Medicaid agency, the Indiana Family and Social Services Agency ("the State") to increase Medicaid reimbursement rates for transportation expenses. The Court of Appeals reversed in part and affirmed in part, and remanded to the trial court for further proceedings in Roob v. Fisher,[1] 856 N.E.2d 723 (Ind. Ct. App. 2006), reh'g granted, 866 N.E.2d 781 (Ind. Ct. App. 2007). The case is before us on the State's petition to transfer. As explained below, we grant transfer and remand for further proceedings.

The State provides health care for low-income patients, including transportation services, through the Medicaid program and must comply with federal regulations to receive federal funding. The controversy at issue here began in 1992, when federal officials audited Indiana's program, determined the State's transportation costs were high, and suggested, among other things, that the State lower the rate it paid to companies that transport Medicaid recipients. A group of transportation providers and Medicaid recipients filed a complaint against the State,

---

[1] Anne Waltermann Murphy has replaced E. Mitchell Roob, Jr., as the Secretary of the Indiana Family and Social Services Administration.

2

asserting various claims under state and federal law. The complaint challenged the new, lower rates and sought an injunction, a writ of mandamus and a declaratory judgment. *See* Gorka v. Sullivan, 671 N.E.2d 122 (Ind. Ct. App. 1996), trans. denied (1997). Summary judgment on the state-law claims was entered for the State. Id. Although a federal district court found in favor of the State on federal law claims, that judgment was reversed on grounds of sovereign immunity in Gorka v. Sullivan, 82 F.3d 772 (7th Cir. 1996), and the remaining federal law claims were remanded to the state trial court, where they were heard, resulting in this appeal.

The plaintiffs are certain entities that provide Medicaid transportation services ("Providers") and several people who receive Medicaid services ("Recipients").[2] The gist of the Providers' claim is that the Medicaid transportation reimbursement rates are so low they violate a federal Medicaid statute, 42 U.S.C. section 1396a(a)(30)(A) (2006) ("Section 30(A)"); the gist of the Recipients' claim is that their access to medical care was reduced in violation of Section 30(A)'s "equal access" provision.[3] The plaintiffs assert that they have a right to sue for relief pursuant to 42 U.S.C. section 1983 (2006).[4]

---

[2] In addition to the named Providers, the trial court has certified a statewide class of providers. A motion to certify a class of recipients is pending in the trial court.

[3] In pertinent part, Section 30(A) requires that a State plan for Medicaid assistance must:
> Provide such methods and procedures relating to the utilization of and payment for care and services available under the plan . . . as may be necessary to safeguard against unnecessary utilization of such care and services and to assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area . . . .

[4] 42 U.S.C. section 1983 provides:
> Every person who, under color of any statute . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Following a bench trial, the trial court adopted proposed findings of fact and conclusions of law submitted by the plaintiffs, ruled that both Providers and Recipients had a right to sue under section 1983, and determined that the reimbursement rates were too low. After a second bench trial on remaining issues, the court entered relief for Providers by ordering the State to increase the mileage reimbursement rate from $1.25 per mile to $1.85 per mile, but ordered the higher rate be applied only prospectively. The trial court entered no particular relief for Recipients, but it did order the State to pay the plaintiffs' attorney fees. The State appealed.

In its original opinion, the Court of Appeals reversed the trial court and directed judgment for the State, holding that neither Providers nor Recipients have a private right of action against the State to challenge the reimbursement rates. 856 N.E.2d at 730-34. On rehearing, however, the Court of Appeals concluded there had been a concession by the State and it revived Recipients' claim. Presumably because there had not been any relief ordered on Recipients' claim, it remanded the case for further unspecified proceedings. It re-affirmed its judgment for the State on Providers' claim. 866 N.E.2d at 781. The State petitioned to transfer jurisdiction to this Court.

As the Court of Appeals' original opinion explains, since the decision by the U.S. Supreme Court in Gonzaga University v. Doe, 536 U.S. 273 (2002), a majority of federal courts considering the issue have concluded that Section 30(A) does not give Medicaid providers a private right of action. 856 N.E.2d at 730-32. While developments in this area may continue, as suggested by the parties' various submissions of additional authority, we summarily affirm the

Court of Appeals holding that Providers do not have a private right to sue the State. *See* Ind. Appellate Rule 58(A).

Whether Recipients have a right to sue in this case is more complicated. Prior to Gonzaga, most federal courts considering the issue held that Medicaid recipients could file a section 1983 action asserting violations of Section 30(A). However, after Gonzaga was decided, the majority of federal courts considering this issue have concluded that Section 30(A) does not give Medicaid recipients a private right of action. *See, e.g.,* 856 N.E.2d at 733 (citing cases). The Court of Appeals' original holding followed the majority view. Id. at 732-34.

The Court of Appeals reversed course on rehearing because the State had conceded in the trial court that Recipients have a private right of action,[5] and "the State did not explicitly challenge the Recipients' standing in its opening appellate brief." 866 N.E.2d at 781. As a result, the Court of Appeals held, Recipients could sue. Id.

Under all the circumstances of this protracted dispute over Medicaid reimbursement rates, we conclude the State invited any court error with respect to the right of Recipients to sue for relief in this case. *See* Witte v. Mundy, 820 N.E.2d 128, 133-34 (Ind. 2005) (under the judicial doctrine of invited error, which is based on estoppel, a party may not take advantage of an error that it invites) (citing cases). *See also* Baxendale v. Raich, 878 N.E.2d 1252, 1254, n.2 (Ind. 2008) (party who advised trial court that special findings were unnecessary was estopped from arguing on appeal that the trial court erred in not entering findings); Wright v. State, 828

---

[5] A post-trial brief filed by the State in May 2004, discusses case law holding that Medicaid providers do not have a private right of action, and says, "This line of cases establishes that Medicaid recipients, on other hand, do have a private right of action under Section 1396(a)(30)(A)." (Supp. Reh'g App., p. 7-8.)

N.E.2d 904, 907 (Ind. 2005) (applying doctrine of invited error to preclude the State from arguing on appeal that trial court erred in merging convictions for burglary and theft, where trial court did so on the state's recommendation).

We acknowledge the State's argument that the rights of Medicaid recipients may have been in a state of flux at the time the State filed its trial court brief in 2004, but the issue appears to have been in play by that time, and federal circuit courts of appeal began issuing decisions applying Gonzaga before the State filed its opening appellate brief. Accordingly, the State will be held to its concession that Recipients have a private right of action in this case.

Having concluded that Recipients' suit in this case may proceed, the next matter is the relief, if any, to which they are entitled. The trial court ordered transportation rates paid to Providers to be increased prospectively, but ordered no particular relief for Recipients, except attorney fees. The trial court's findings focus almost exclusively on Providers' costs, business models, and profit margins. A concern was low reimbursement rates resulting in an insufficient number of providers. But Recipients' claim rests on the contention that they are denied the transportation services to which they are entitled under Section 30(A). While higher rates for providers might mean more providers are in the business, it does not naturally follow that lower rates mean Recipients do not receive the transportation to which they are entitled. While the trial court did find that certain companies had stopped providing transportation for Medicaid recipients, and that there may have been a decline in the number of Medicaid recipients obtaining transportation (June 24, 2004 Findings, p. 16-18, 23), there was no finding that any particular Recipient or any group of recipients was denied "equal access." No Recipient said transportation

6

was unavailable due to a lack of providers. To the extent Recipients discussed having been denied transportation, they related it to Medicaid authorities not approving their transportation requests. (Appellee's Appendix, p. 267-77, testimony of Marilyn Hensley and Coletta Clayton; p. 836-45, affidavits of Lois Hensley, Randy Clayton, Anna Skaggs, Coletta Clayton.) In short, the evidence before the trial court does not directly address (or redress) the Recipients' claim.

Therefore, we remand the case to the trial court with instructions to allow Recipients to present evidence establishing the transportation to which they may be entitled by Section 30(A), that they have been or will be denied the services to which they are entitled, and what relief they are due. Inasmuch as Recipients' claim remains alive as a result of the equitable doctrine of "invited error," we balance the equities and conclude that any relief, injunctive or otherwise, be prospective only. If a class of Recipients is certified and their claims are proved, they will be entitled to prospective relief from the date of the certification order.

Accordingly, we grant transfer, summarily affirm the Court of Appeals' holding that Providers do not have a private right of action, and remand for further proceedings as outlined above.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.
Sullivan, J., did not participate.

7