WESTVILLE CORRECTIONAL FA-CILITY, State of Indiana Department of Correction, Indiana State Personnel Department, and Indiana State Employees' Appeals Commission, Appellants–Respondents,

v.

George FINNEY, Appellee–Petitioner.

No. 49A05–1103–PL–92.

Court of Appeals of Indiana.

Aug. 11, 2011.

Gregory F. Zoeller, Attorney General of Indiana, Indianapolis, IN, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellants.

Eric M. Hylton, James B. Chapman II, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Senior Judge.

Appellants Westville Correctional Facility, State of Indiana Department of Correction, Indiana State Personnel Department, and Indiana State Employees' Appeals Commission (collectively, "Westville") appeal the trial court's grant of Appellee George Finney's Verified Petition for Judicial Review. We affirm.

Finney was employed as a teacher at Westville Correctional Facility. On two occasions, December 22, 2008, and January 15, 2009, Finney presented himself and his belongings for admittance to the facility. Apparently, according to established policy, employees were not permitted to bring cell phones into the facility. Also, apparently on these two occasions, Finney was in possession of his cell phone. Indications are that on the first occasion the cell phone was confiscated and returned to Finney later. On the second occasion, Finney returned the phone to his car, but during the investigation process Finney became somewhat belligerent and verbally abusive toward Westville officials.

Finney was terminated from his employ-

ment.[1] Following a hearing upon Finney's appeal to the Indiana State Employees' Appeal Commission ("SEAC"), an Administrative Law Judge ("ALJ") found that Westville had "proved cause to terminate [Finney's] employment." Appellants' App. p. 21. Finney requested review of the ALJ's decision by the full commission. SEAC affirmed the ALJ's determination on September 15, 2009, and Finney sought judicial review from the Marion Superior Court.

Judicial review was hampered by severe inadequacies in the record. Due to recording errors during the ALJ's hearing, most of the witnesses' testimony was not recorded. As we discuss in more detail below, only the testimony of witnesses Finney and Edwina Robinson are intelligible to any degree. Following a hearing upon Finney's Petition for Judicial Review, Judge Dreyer granted the Petition, set aside the agency action and "remanded to the agency for further proceedings." Appellants' App. p. 10. In his order, Judge Dreyer determined:

> 5. The record is devoid of any testimony of any witness other than Finney.
> 6. There is no testimony regarding any of the exhibits.[2]
> 7. The only evidence related to the ALJ's findings is only found in Finney's testimony and from general references in some personnel documents about the 30-day suspension.

*Id.* at 9. The reviewing court then concluded that Finney met his burden of demonstrating the invalidity of the administrative agency's action in that the agency action was unsupported by substantial evidence and further, that Finney was prejudiced by the agency action.

When we review the decision of an administrative agency, we are bound by the same standard of review as the trial court. *Pierce v. State Dep't of Corr.*, 885 N.E.2d 77, 88 (Ind.Ct.App.2008). We may neither try the case de novo nor substitute our judgment for that of the agency. *Id.* Under the Administrative Orders and Procedures Act, we will reverse an administrative decision only if the person seeking judicial relief has been prejudiced by an agency action that is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence." Ind. Code § 4–21.5–5–14(d) (1987). A decision is arbitrary and capricious when it is made without any consideration of the facts and lacks any basis that may lead a reasonable person to make the same decision made by the administrative agency. *Pierce*, 885 N.E.2d at 88. The party seeking judicial review bears the burden of demonstrating that the agency's action is invalid. *Id.*

We hold that Westville, as the Appellant before this court, has not shown that the reviewing court committed reversible error. To the contrary, it is clear

---

1. We do not find in the Appendix an actual determination of termination of Finney's employment. We do note that Westville notified Finney that he was suspended from duty without pay for a period of thirty days "pending your dismissal effective March 3, 2009." Appellants' App. p. 110.

2. The Appendix filed by Westville contains a statement by the ALJ to the effect that Westville submitted ten exhibits and Petitioner Finney submitted four exhibits, all of which were admitted into evidence. These exhibits are referred to in the Appendix filed by Westville, which purports to include copies of various documents marked as "Exhibit[s]." Appellants' App. pp. 81–119.

from the record before us that the agency's action was without evidentiary foundation, let alone *substantial* evidence as required by Indiana Code section 4–21.5–5–14(d)(5).

Without question Judge Dreyer's task in conducting his judicial review was made difficult, if not virtually impossible, by the woeful deficiencies in the tape recordings of the testimony of various witnesses so that the attempts to transcribe the proceedings from those tapes were unavailing.

By way of demonstration, we have carefully examined the matters contained in the appendix before us and have made the following observations: The first witness called was Officer Jack Hilbert, but the transcriber notes that "Officer Hilbert's testimony is inaudible, just static on the tape." Appellants' App. p. 121. On the next sixteen pages, which include Finney's own testimony, there are twenty-nine "inaudibles." *Id.* at 122–137. On the following four pages there are seventy-two "inaudibles." *Id.* at 138–141. The transcriber then tellingly notes that Side A of Tape 1 is then inaudible to the end, and that "Side B of Tape 1 is blank." *Id.* at 141. On Side A of Tape 2, static prevented there being anything to transcribe. Next, the transcriber notes, "Side B of Tape 2 is blank." *Id.* Side A of Tape 3 has static from 000 on the tape counter to 105 on the tape counter. On the next fourteen pages of Finney's testimony there are ninety-five inaudibles. *Id.* at 142–155. There are four inaudibles on the final four pages during Edwina Robinson's testimony, which ends the audible portion of Tape 3.

Suffice it to say that our extensive compilation of what appears on the purported record of the proceedings before the administrative agency reflects an intolerable failure to preserve the evidence or to make sure that the recording equipment was adequate to the task at hand. *See* Ind. Code § 4–21.5–3–25(g) (1986). The posture of the case at its various levels, including this level, cries out for remedial action with respect to SEAC's method of preserving testimonial evidence.

■ Westville contends that an appropriate remedy for the unacceptable transcript is remand to SEAC for a new hearing before an ALJ or to obtain a certified statement of the evidence pursuant to Indiana Appellate Rule 31. However, during proceedings before Judge Dreyer, Westville contended that the transcript provided "substantial evidence" to support SEAC's decision. Appellants' App. p. 51. Consequently, Westville agreed to proceed based on the transcript in its current state and invited any error caused by the inadequate transcript. *See Murphy v. Fisher,* 932 N.E.2d 1235, 1238 (Ind.2010) (determining that the State conceded to the trial court that the plaintiffs had the right to sue for relief and therefore invited any error on the question of the plaintiff's standing). Westville cannot seek a second hearing or a certified statement of the evidence under these circumstances.

For the reasons stated, we affirm the decision of the Marion Superior Court in granting judicial review and in remanding the matter to SEAC. *See Russell v. Review Bd. of Ind. Emp't Sec. Div.,* 415 N.E.2d 774, 777 (Ind.Ct.App.1981) (reversing an administrative agency's decision where the transcript was unintelligible and could not serve as the basis for the ALJ's factual findings).

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.