**ROLLINS PROTECTIVE SERVICES COMPANY, Appellant (Defendant Below),**

v.

**Richard C. WRIGHT and Elene Wright, Appellees (Plaintiffs Below).**

No. 1–1085 A 259.

Court of Appeals of Indiana, First District.

June 5, 1986.

Rehearing Denied July 8, 1986.

Heather McPherson, Kothe, Claycombe & Kortepeter, Indianapolis, for appellant.

Mark Peden, Foley, Foley & Peden, Martinsville, for appellees.

ROBERTSON, Presiding Judge.

The appellant-defendant Rollins Protective Services Company (corporation) appeals from a judgment in favor of the plaintiff-appellees Richard and Elene Wright (Wrights).

We affirm.

The facts show that the Wrights filed an action in small claims court alleging that

the corporation breached their contract by failing to service a protective alarm system in the Wrights' home. The Wrights were represented by an attorney while the corporation was represented by a branch manager who was not admitted to practice law in Indiana. The Wrights received a $2020.00 judgment.

The corporation states the sole issue as being:

.... whether the trial court erred as a matter of law and exceeded its jurisdiction in proceeding with a trial when Defendant-Appellant Rollins Protective Services Company, a Delaware corporation, was represented only by an employee and not by legal counsel.

Indiana Rules for Small Claims 8(C) provides that in claims involving more than three hundred dollars a corporation must appear by counsel.

The purpose of the rule is to prevent the unauthorized practice of law. *State ex rel. Western Parks v. Bartholomew County Court*, (1978) 270 Ind. 41, 383 N.E.2d 290. See also: *Tom Edwards Chevrolet, Inc. v. Air-Cel, Inc.*, (1973) 13 Ill.App.3d 378, 300 N.E.2d 312 (construing a similar small claims rule). We are of the opinion that that portion of *Western Parks, supra,* holding that Rule 8(C) is jurisdictional, applies especially to corporate plaintiffs.

However, under the fact situation in this appeal, we find no reason to reverse because Indiana courts have long held that a party is estopped from taking advantage of errors which the party itself committed, invited or induced the trial court to commit, or which were the natural consequences of the party's own neglect. *Jolly v. Modisett,* (1971) 257 Ind. 426, 275 N.E.2d 780, 782. The instant case involves such a situation. If we were to accept corporation's argument, a corporation would be encouraged to disregard S.C.R. 8(C) at trial and later stand upon the rule on appeal should it receive an adverse judgment. This would unfairly permit a corporation to delay and force the other party into an appeal and second trial. In short, the corporation has waived any error which occurred.

In closing, we would point out to the corporation that IND.CODE 33–1–5–1 makes the practicing of law by non-attorneys a class B misdemeanor.

We affirm.

NEAL and RATLIFF, JJ., concur.