**Monica, James, and Diane WITTE, Appellants (Defendants below),**

v.

**Mikayla MUNDY, a minor, by her next friend, parent and guardian, Kristin MUNDY, Appellees (Plaintiffs below).**

No. 17S05–0406–CV–248.

Supreme Court of Indiana.

Jan. 6, 2005.

---

Michael H. Michmerhuizen, Patrick G. Murphy, Fort Wayne, IN, Attorney for Appellants.

Konrad M.L. Urberg, Joseph Christoff, Fort Wayne, IN, Attorney for Appellees.

BOEHM, Justice.

A child and her mother sued when the child was struck by the defendants' car. On the eve of trial the mother moved to dismiss her claim. The trial court granted the motion to dismiss but denied the defendants' motion to add the mother as a nonparty for purposes of comparative fault. The jury then returned a verdict for the defense. We hold that it was error to refuse to add the mother as a nonparty, but because the plaintiffs invited the error, neither plaintiff can obtain a new trial on that basis.

**Factual and Procedural Background**

Five-year-old Mikayla Mundy was riding her bicycle when she ran a stop sign and was struck by a car driven by Monica Witte, also a minor. Mikayla's mother, Kristin, sued as Mikayla's next friend and also in her own capacity, naming Witte and her parents as defendants. The defendants responded by asserting that Witte was not negligent and also that the accident was due to negligence on the part of both Mikayla and Kristin.

Shortly before trial, Kristin moved to dismiss her individual claim without prejudice. At the same time, Mikayla moved for an order precluding the defendants from offering evidence or arguing to the jury that Kristin contributed to the injury through negligent supervision of Mikayla. The defendants objected to the dismissal of Kristin as a plaintiff. In the alternative, if Kristin was to be dismissed, the defendants requested leave to amend their answer to include Kristin as a nonparty defendant under the comparative fault statute. The trial court granted the motion to dismiss Kristin but denied the defendants' motion to add Kristin as a nonparty defendant. The trial court also granted Mikayla's motion in limine to preclude the defense from introducing evidence of Kristin's negligence. At trial, however, over Mikayla's objection, the defense was permitted to question Mikayla about whether her mother had taught her bicycle safety and to examine Kristin regarding her supervision of Mikayla. In closing argument, the defense argued that Kristin's failure to train and supervise Mikayla was the proximate cause of Mikayla's injuries.

The jury returned a verdict in favor of the defendants and judgment was entered accordingly. Mikayla then filed a motion to correct error, alleging that the defendants' contentions that Kristin's failure to supervise Mikayla was the proximate cause of Mikayla's injuries violated the court's earlier rulings and was improper. The defendants responded that the trial court erred in denying their request to add Kristin as a nonparty and that the testimony allowed at trial merely corrected that error. The trial court granted Mikayla's motion and set aside the jury verdict. The defendants appealed and the Court of Appeals affirmed the grant of a new trial based on its conclusion that the trial court erred in denying the defendants' request to name Kristin as a nonparty. *Witte v. Mundy*, 800 N.E.2d 185, 191 (Ind.Ct.App. 2003). This Court granted transfer. *Witte v. Mundy*, 812 N.E.2d 806 (Ind. 2004).

**I. Failure to Permit Adding a Nonparty**

The trial court's denial of the defendants' motion to add Kristin as a nonparty raises two distinct issues: 1) whether Kristin, Mikayla's parent, was a proper nonparty defendant in an action by her child; and 2) if so, whether it was an abuse of discretion to deny the motion to add her as a nonparty on the eve of trial.

### A. *The Parent as a Nonparty in a Suit by the Child*

■ If Kristin would not have been a proper nonparty defendant in a suit brought by Mikayla alone, it was proper to deny the defendants' motion, whether or not occasioned by late breaking news from the plaintiffs. The Court of Appeals reasoned that the trial court's error required a retrial and affirmed the trial court's grant of Mikayla's motion to correct error. The court explained that in a comparative fault case, fault may be allocated only to a plaintiff, a defendant, or a named nonparty. *Witte*, 800 N.E.2d at 191. The court pointed out that the jury was given only general verdict forms that did not allow for the allocation of fault to Kristin. *Id.* The Court of Appeals reasoned, "it is clear, from the verdict for the Wittes and from the fact that fault could not be assigned to Mikayla by virtue of her age, that the jury allocated fault to Kristin. However, because Kristin was not named as a nonparty, it should not have done so." *Id.* at 191.

We do not agree that the jury necessarily allocated fault to Kristin. That explanation excludes the very real possibility that the jury found Witte not negligent. In that case, there would be no need to allocate fault to Kristin. In addition, under the proximate cause instructions the jury could have found Kristin's actions broke the causal connection between the injury and whatever negligence was attributable to Witte irrespective of whether Kristin's "intervening cause" was the result of negligence.[1] If so, Kristin's role in the accident would preclude liability if her actions were not reasonably foreseeable by Witte. *See Control Techniques, Inc. v. Johnson*, 762 N.E.2d 104, 109 (Ind.2002).

■ The issue remains, then, whether Kristin was a proper nonparty defendant. The Court of Appeals held that she was, and we agree. The courts of this state have reasoned that a child cannot be capable of negligence when the child is "of such tender years that it is, by legal presumption, incapable of judgment or discretion." *Terré Haute, Indianapolis & Eastern Traction Co. v. McDermott*, 82 Ind.App. 134, 140, 144 N.E. 620, 622 (1924) (quoting *Elwood St. R. Co. v. Ross*, 26 Ind.App. 258, 58 N.E. 535 (1900)), *trans. denied.* A judicially developed rule evolved that children under the age of seven are not capable of negligence. *Creasy v. Rusk*, 730 N.E.2d 659, 662 (Ind.2000) (quoting *Bailey v. Martz*, 488 N.E.2d 716, 721 (Ind.Ct.App. 1986)). Here, the trial court instructed that: "Children ... less than the age of seven may not be assessed any fault for their action[s], even if those actions proximately caused their injury or damages. Should you find that Kristin Mundy was negligent, you cannot hold Mikayla Mundy responsible for the negligence of her mother." Given this instruction, it seems likely that the trial court's denial of the motion to add Kristin as a nonparty was based on the view that she could not legally be a nonparty and not on an exercise of discre-

---

1. The trial court instructed the jury on proximate cause:

 Proximate cause is that cause which produces the injury complained of and without which the result would not have occurred. That cause must lead in a natural and continuous sequence to the resulting injury unbroken by any intervening cause. An[ ] intervening cause is an action by a third party or agency that breaks the causal connection between the defendant's alleged negligence and the injury. If you decide that the injury to the Plaintiff could not have occurred without the action of the third party or agency, then the Plaintiff cannot recover from the Defendant. However, if you find that the Defendant acted negligently and could have reasonably foreseen the actions of the third party or agency, then the Defendant can still be liable for the Plaintiff's injuries.

tion based on the timing of the motion. We think that Kristin was a proper nonparty. It is one thing to say a child under age seven is "incapable of judgment or discretion" and therefore, as a matter of law, cannot be negligent. It is another thing to conclude that an adult's negligent supervision cannot be a contributing cause to the child's injury relieving a third party of some or all liability.

█ In a comparative fault cause, "the jury shall determine the percentage of fault of the claimant, of the defendant, and of any person who is a nonparty. The jury may not be informed of any immunity defense that is available to a nonparty." Ind.Code § 34–51–2–7 (2004). As the Court of Appeals pointed out, until 1995, a "nonparty" was defined as "a person who is, or may be liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the claimant." I.C. § 34–4–33–2(a) (1995). Under that definition, it would not have been proper to add Kristin as a nonparty because, as Mikayla's mother, she would not be liable to her for her injuries. *See Doe v. Shults–Lewis Child and Family Servs., Inc.,* 718 N.E.2d 738, 746 (Ind.1999) (citing *Barnes v. Barnes,* 603 N.E.2d 1337, 1339 (Ind.1992)). However, the definition of nonparty was amended in 1995 to define a "nonparty" as "a person who caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant." I.C. § 34–6–2–88 (2004). This provision was presumably chiefly designed to permit employers of injured workers to be named as nonparties even though under workers' compensation law they have no tort liability to a worker injured by accident on the job. *See* James L. Petersen, *Tort Reform, Act No. 1741 Res Gestae* Sept. 1995, at 24, 28. As the Court of Appeals has held, the compara-

tive fault statute "no longer requires that the nonparty be liable to the plaintiff, but only that he or she have caused or contributed to the cause of the plaintiff's injury." *Bulldog Battery Corp. v. Pica Invs.,* 736 N.E.2d 333, 338 (Ind.Ct.App.2000). This reasoning applies to parent-child immunity just as it does to workers' compensation. The basic point of the statute is that a defendant should be required to compensate an injured party only in proportion to the defendant's fault. *See Estate of Hunter v. General Motors Corp.,* 729 So.2d 1264, 1274 (Miss.1999); *Carroll v. Whitney,* 29 S.W.3d 14, 21 (Tenn.2000); *Kirby Bldg. Sys. v. Mineral Explorations Co.,* 704 P.2d 1266, 1272 (Wyo.1985). Despite her immunity from suit by her child, the defense should have been permitted to name Kristin as a nonparty to permit the jury to determine whether her negligence contributed to the accident. This case was tried with no nonparty defendant. The trial court's instruction that the parent's negligence is not attributable to the child would have been proper in that procedural posture. *City of Evansville v. Senhenn,* 151 Ind. 42, 48, 47 N.E. 634, 635 (1897). For the reasons given, however, it was error to deny the defendants' motion to add Kristin as a nonparty defendant.

█ The trial court's refusal to add Kristin as a nonparty and instruct the jury on comparative fault is nevertheless no ground for a new trial because Mikayla invited the error. The doctrine of invited error is grounded in estoppel. *Covert v. Boicourt,* 93 Ind.App. 355, 361, 168 N.E. 198, 200 (1929). Under this doctrine, "a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct." *Evans v. Evans,* 766 N.E.2d 1240, 1245 (Ind.Ct.App.2002) (citing *Crowl v. Berryhill,* 678 N.E.2d 828, 830 (Ind.Ct. App.1997)); *Beeching v. Levee,* 764 N.E.2d

669, 674 (Ind.Ct.App.2002). For example, in *Rollins Protective Services Co. v. Wright*, 493 N.E.2d 811 (Ind.Ct.App.1986), the Wrights filed a small claims action against Rollins Protective Services. *Id.* at 811. At trial, Rollins was represented by one of the company's branch managers, and not by legal counsel. *Id.* Rollins lost the case and argued on appeal that the trial court exceeded its jurisdiction in proceeding with a trial when Rollins, a corporation, was not represented by an attorney licensed to practice law in Indiana, as required by the Indiana Rules for Small Claims. *Id.* at 812. The Court of Appeals affirmed the trial court, reasoning that Rollins cannot take advantage of an error it invited the court to commit. *Id.*

In this case, at trial and on appeal, Mikayla opposed the defendants' effort to name Kristin a nonparty. Mikayla thus induced the trial court to err as it did when it failed to treat Kristin as a nonparty defendant. This in turn made it impossible to allocate fault between Witte and Kristin. The defendants' only alternative was to present evidence that, by reason of Kristin's actions, Witte's acts were not the proximate cause of the injury. Because Mikayla created this situation by inviting the initial error, she cannot take advantage of that error. *Stolberg v. Stolberg*, 538 N.E.2d 1, 5 (Ind.Ct.App.1989). *See also State v. Payne*, 280 N.C. 170, 185 S.E.2d 101, 102 (1971) ("Ordinarily one who causes (or we think joins in causing) the court to commit error is not in a position to repudiate his action and assign it as ground for a new trial."); *State v. Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178, 1188 (2000).

B. *Discretion to Deny Adding a Nonparty*

 A grant of a new trial will be reversed only for an abuse of discretion.

*Centennial Mortgage, Inc. v. Blumenfeld*, 745 N.E.2d 268, 273 (Ind.Ct.App.2001). The Court of Appeals held that the trial court abused its discretion in denying the defendants' request to add Kristin as a nonparty. *Witte*, 800 N.E.2d at 191. Because an error of law is an "abuse of discretion" for this purpose, even on a point of law with no clear precedent, we agree. For the reasons explained above, Kristin would have been properly named as a nonparty defendant if the suit had been brought by Mikayla alone. Because Kristin was initially a plaintiff, the defendants had pleaded Kristin's negligence as an affirmative defense in their answer to the initial complaint. Two years later, and two days before trial, Kristin moved for dismissal. In response, the defendants objected to the dismissal and alternatively moved to add Kristin as a nonparty.

Kristin's attempt to dismiss her claim on the eve of trial raised for the first time the possibility to add her as a nonparty. *See Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 915 (Ind.2001). It was clear from the defendants' answer that they asserted that Kristin was negligent in permitting her five-year-old daughter to venture onto city streets and that that negligence contributed to the accident. Under these circumstances, if a plaintiff is to be dismissed on her own motion, it is an abuse of discretion to deny leave to amend the answer to add her as a nonparty. If that had been done, the jury would have been required to allocate fault between Witte and Kristin as would have been the case if Mikayla had been the only plaintiff from the outset. The plaintiffs alone created the situation where only on the eve of trial was the case in a posture of a single plaintiff, Mikayla, against the defendants. The plaintiffs should not be permitted to gain an advantage and deprive the defendants of the nonparty defense by this maneuver.

## II. Testimony by Investigating Officer

At trial, the defendants called Officer Christopher McCarty, who investigated the accident scene. McCarty testified that Witte's version of the accident as reported to him shortly after the accident was "consistent with" Witte having less than one second to react. He also expressed his conclusion that Witte was not at fault. Mikayla objected to this testimony, arguing that McCarty was not an eyewitness and was not qualified to testify as an expert. Specifically, Mikayla argued that McCarty should not be permitted to give his opinion on fault. The trial court overruled the objection and Mikayla asserts that as error on appeal.

The defendants do not claim that Officer McCarty qualified as an expert. Rather, they first assert that it is possible that further testimony could have been elicited from Officer McCarty that would have qualified him as an expert. The defendants do not point to any evidence that was offered to shore up McCarty's expertise. Nor do they cite any legal authority in support of the proposition that the possibility that further evidence might qualify an expert is sufficient to permit unqualified testimony. The defendants had the burden of establishing the ability of their witness to give the proffered testimony. *Lytle v. Ford Motor Co.*, 814 N.E.2d 301, 308 (Ind.Ct.App.2004). In view of their failure, the trial court erred in admitting McCarty's opinion on fault and his conclusion on the reaction time available to Witte.

The defendants next argue that admission of McCarty's testimony was harmless because it was cumulative of testimony provided by Mikayla herself and also by John Wiechel, a biomechanical engineer. Mikayla was asked on cross-examination whether she thought the person driving the car that hit her did anything wrong and she answered "No." Mikayla objected to this exchange at trial, but does not raise it as error on appeal. John Weichel, a mechanical engineer called by the defense, also testified that according to his reconstruction of the accident, Witte could not have avoided the accident.

We think admission of Officer McCarty's testimony cannot be sustained as cumulative. Error in the admission of evidence may be harmless when the evidence is merely cumulative of other properly admitted evidence. Ind. Trial Rule 61; *Crawford v. State*, 770 N.E.2d 775, 779 (Ind.2002). *Black's Law Dictionary* 596 (8th ed.2004) defines cumulative evidence as "additional evidence that supports a fact established by the existing evidence (especially that which does not need further support)." We think it is obvious that the admission by an eight-year-old child on cross-examination that someone did not do "anything wrong" in an accident that occurred three years earlier is not very persuasive. The child's admission surely requires "further support." Similarly, because the opposing parties presented accident reconstruction experts who rendered opposing conclusions, and thus turned on disputed factual inferences, McCarty's evidence was not merely cumulative of Weichel's testimony. *Newell v. Walker*, 478 N.E.2d 1246, 1250 (Ind.Ct.App.1985). The ultimate question in evaluating cumulative evidence is essentially the same as for harmless error: was the admission of the improper evidence a serious candidate to influence the trier of fact?

Although not cumulative, we think the officer's testimony was harmless under these circumstances. Harmlessness is ultimately a question of the likely impact of the evidence on the jury. *Boatright v. State*, 759 N.E.2d 1038, 1042 (Ind.2001). Officer McCarty was asked whether he

determined after his investigation whether Witte was at fault for the accident and answered simply, "she was not." The entire body of Officer McCarty's challenged testimony was as follows:

Q. But if you could tell the jury what you found based on your investigation. Based on talking to [Witte]. Based on looking at the scene. Everything.

A. That the vehicle, the car was traveling west on Ninth Street when a child on a bike came through the intersection and into her path of travel.

Q. Do you know which way the bike came? In other words, did it come north to south, was it going south to north, or do you know?

A. It was, uh, north to south. Be from right to left. As you're going to the west.

Q. And, you don't have to tell us exactly what was said but, was ... Monica Witte at the scene was she calm or was she shaken up?

A. Shaken up.

Q. Okay, Did she know exactly where the bike came from, where it was going? How it got into the intersection?

A. No; she did not.

Q. Would that be consistent with having less than one second to react?

A. Yes; it would.

At this point, Mikayla objected, arguing that there was no "foundation laid for Mr. McCarty to be able to determine whether or not she had one second to react." This objection was overruled. Officer McCarty was then asked over Mikayla's objection whether he concluded if Monica was at fault:

Q. After your investigation, did you make a determination whether Monica Witte was at fault for this accident?

A. Yes; I did.

Q. And what was that determination?

A. That she was not.

On cross-examination. McCarty was asked how he determined what direction Mikayla was traveling and answered "Through statements, uh, from the driver of the vehicle." Mikayla pointed out that other testimony and evidence indicated that Mikayla was riding south to north rather north to south as Officer McCarty had concluded. McCarty was also asked whether he performed any calculations or speed formulae and answered, "No. I'm not a reconstructionist." We think it clear that McCarty's opinion was based solely on what Witte told him, and he did not claim expertise in accident reconstruction. It therefore had minimal impact on the jury. We hold that the erroneous admission of McCarty's brief testimony was harmless.

### Conclusion

The trial court's granting a new trial is reversed. This case is remanded with instructions to enter judgment based on the jury verdict.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.