**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 27 2014, 9:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARDEL HILL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1309-CR-377 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D05-1209-FD-1263
Cause No. 02D06-1209-FB-152

**March 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a jury trial, Hill was convicted of a number of offenses charged under two separate cause numbers and joined for the purposes of trial. On appeal, Hill argues that the trial court erred in granting the State's motion to join the charges for trial.

We affirm.

On September 6, 2012, Hill was charged under cause number 02D05-1209-FD-1263 (FD-1263) with class D felony strangulation, class D felony criminal confinement, class D felony intimidation, and class A misdemeanor battery, all stemming from a June 21, 2012 altercation with his on-again, off-again girlfriend, Tiana Washington. The following day, Hill was charged under cause number 02D06-1209-FB-152 (FB-152) with class B felony burglary, class B felony attempted arson, class D felony criminal mischief, and class D felony intimidation. The charges under FB-152 alleged that sometime between July 12 and July 14, 2012, Hill broke into Washington's apartment and vandalized it before attempting to set it on fire.

On February 26, 2013, the State filed a Motion to Join Offenses and Notice of 404(b) Evidence. In the motion, the State sought to join the charges filed under FD-1263 and FB-152 for trial. The State argued that all of the charged acts occurred close in time and were related to Hill's alleged abuse, harassment, and efforts to control Washington within the scope of their dating relationship. The State asserted the offenses were based on the same conduct or a series of acts connected together or constituting parts of a single plan or scheme, and that joinder was therefore proper. The State also gave notice of its intent to introduce evidence of the acts alleged in FD-1263, as well as several uncharged acts, at trial on the

2

charges filed under FB-152 for the purposes of establishing intent, identity, motive, and the nature of the relationship between Hill and Washington.

The issues of joinder and the admissibility of evidence of Hill's prior bad acts were addressed at a pretrial hearing on February 28, 2013. Defense counsel argued that Ind. Evidence Rules 403 and 404(b) precluded the admission of evidence concerning the acts alleged in FD-1263 at trial on the charges under FB-152. Defense counsel also objected to joinder, but only in the event that the trial court ruled that evidence of the FD-1263 acts would not be admissible at trial on FB-152. Specifically, counsel stated:

> If you allow the 404 to come in in the Arson, which is the one that is set first, and quite frankly, if you're going to allow it to come in it only makes sense to join them at that point. It doesn't make sense to allow it to come in and then go back and try it a week later, so if it's gonna come in it only makes sense to join them.

*Appellant's Appendix* at 41-42.

A few days later, the trial court issued a written order in which it concluded that the admission of evidence relating to the allegations in FD-1263 at trial on FB-152 did not violate Evid. R. 403 or 404(b). The trial court also granted the State's motion to join FD-1263 and FB-152 for trial. Apparently without further objection from Hill, FD-1263 and FB-152 proceeded to a two-day jury trial. The jury acquitted Hill of the strangulation and criminal confinement charges and returned guilty verdicts on all remaining counts.

Hill's sole argument on appeal is that the trial court erred in granting the State's petition to join the charges filed under FD-1263 and FB-152 for trial. The State argues, *inter alia*, that Hill invited any error based on the allegedy improper joinder. We agree. Under the

3

doctrine of invited error, "a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct." *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005) (quoting *Witte v. Mundy*, 820 N.E.2d 128, 133-34 (Ind. 2005)); *see also Booher v. State*, 773 N.E.2d 814 (Ind. 2002) (noting that invited error is not reversible error). Here, Hill's objection to joinder was conditional. That is, Hill objected to joinder only if the trial court concluded that evidence of the acts charged under FD-1263 was inadmissible at trial on FB-152. If, however, the trial court concluded that such evidence was admissible at trial on FB-152, Hill conceded that joinder would be appropriate. The trial court ruled that evidence of the acts charged under FD-1263 was admissible at trial on FB-152—a ruling Hill does not challenge on appeal. In light of Hill's express agreement to try the charges together if the court ruled in this manner on the question of Rule 404(b) evidence, the trial court granted the State's motion to join the charges. Because Hill consented to joinder under these circumstances, he cannot establish reversible error on this basis.

Judgment affirmed.

KIRSCH, J., and BAILEY, J., concur.