FOR PUBLICATION



FILED
Jul 17 2014, 9:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT,
Threaded Rod Company, Inc.:

**DAVID A. TEMPLE**
**SEAN T. DEVENNEY**
**SCOTT P. FISHER**
Carmel, Indiana

ATTORNEYS FOR APPELLANT,
Moran Electric Company, Inc.:

**GLENN D. BOWMAN**
**NICHOLAS K. GAHL**
**MARC A. MENKVELD**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE,
Indiana Department of Environmental
Management:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
**TIMOTHY J. JUNK**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE,
City of Indianapolis:

**CAMERON GREGORY STARNES**
Office of Corporation Counsel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MORAN ELECTRIC SERVICE, INC., and )
THREADED ROD COMPANY, INC., )
                               )
    Appellants-Proposed Intervenors, )
                                 )
            vs. )
                                 )
COMMISSIONER, INDIANA DEPARTMENT OF )
ENVIRONMENTAL MANAGEMENT, )
                                 )
    Appellee-Plaintiff, )

| CITY OF INDIANAPOLIS, | ) | |
| | ) | |
| Appellee-Intervenor, | ) | No. 49A02-1305-MI-432 |
| | ) | |
| ERTEL MANUFACTURING CORP., | ) | |
| | ) | |
| Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael D. Keele, Judge
Cause No. 49D07-1002-MI-6915

**July 17, 2014**

**OPINION ON REHEARING - FOR PUBLICATION**

**BARNES, Judge**

The Indiana Department of Environmental Management ("IDEM") and the City of Indianapolis ("the City") have filed a joint request for rehearing from our opinion in Moran Elec. Serv., Inc. v. Comm'r, Indiana Dep't of Envtl. Mgmt., 8 N.E.3d 698 (Ind. Ct. App. 2014). We grant rehearing to acknowledge and address some of their rehearing arguments, but we reaffirm our original decision in all respects.

In Moran, we addressed the effect of simultaneous trial court proceedings and administrative proceedings before the Office of Environmental Adjudications ("OEA") concerning the same issue. IDEM and the City both brought civil actions against Ertel Manufacturing, which resulted in an administrative settlement agreement and a settlement agreement approved by the trial court. Later, Threaded Rod Company ("Threaded Rod") and Moran Electric Service, Inc., ("Moran") filed an administrative action challenging IDEM's issuance of a No Further Action ("NFA") letter concerning

2

contamination on Ertel's property. Threaded Rod and Moran argued that the contaminants had spread to properties owned or formerly owned by Threaded Rod and Moran and that, pursuant to the settlement agreements, escrowed funds should be used to remove Ertel's contaminants from those properties.[1] Separately, Threaded Rod and Moran also sought to intervene in IDEM's trial court action against Ertel. They appealed the trial court's determination that they were not entitled to intervene in IDEM's action against Ertel and that it did not have subject matter jurisdiction to review IDEM's actions. We held that the trial court abused its discretion by denying Threaded Rod's and Moran's motions to intervene. We also held that IDEM's action in issuing a NFA letter was an agency action that was subject to administrative review by the OEA; however, the trial court had statutory authority to control the recovery of damages. Thus, we concluded that the trial court should retain jurisdiction over the entire case until the OEA reaches a final decision on Threaded Rod's and Moran's pending administrative petitions regarding the NFA letter. Then, the trial court should make a decision regarding the disbursement to the City of the remaining escrowed funds.

On rehearing, IDEM and the City argue that we misinterpreted the trial court's role in this action. According to IDEM and the City, neither of the two settlement agreements discussed in our original opinion required the trial court's approval, and the release of the escrowed funds was automatic once a NFA letter was issued by IDEM. They also contend that the trial court did not and could not order the release of the

---

[1] The properties owned or formerly owned by Threaded Rod and Moran also had contamination sources originating on their properties.

escrowed funds. However, the fact remains that, on October 26, 2011, the trial court did approve the settlement agreement. See App. p. 120. On April 19, 2013, the trial court noted that it would "not interrupt" IDEM's release of the escrowed funds to the City. Id. at 11. In fact, IDEM's own appellate brief states that the trial court "order[ed] that the Department should disburse the disputed $850,000 in Escrow Account 2 to the City." Appellees' Br. p. 4; see also Appellees' Br. p. 11 ("The trial court therefore ordered IDEM to release any remaining funds from Escrow Account 2 to the City."). Under the doctrine of invited error, "a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct." Witte v. Mundy ex rel. Mundy, 820 N.E.2d 128, 133 (Ind. 2005). This argument fails.

IDEM and the City also argue that this court overlooked Indiana Code Section 13-25-4-23, which provides:

> (a) The commissioner may enter into an agreement with one (1) or more potentially responsible persons concerning removal and remedial action at a site in Indiana. An agreement entered into under this section may call for one (1) or more parties, at the party's own expense, to conduct any response action at a site if the commissioner determines that the action called for in the agreement will be performed properly.
>
> (b) An agreement entered into under this section may provide that the commissioner will:
>
>> (1) reimburse one (1) or more parties for certain costs of the actions that those parties have agreed to perform under the agreement; or
>> (2) perform a part of the response action called for in the agreement.

Money from the fund may be used for the reimbursement. An agreement may provide for the commissioner to pay interest on the principal amount to be reimbursed. Money from the fund may be used to pay the interest.

(c)     The commissioner may not enter into an agreement subject to subsection (b) if, in the commissioner's opinion, there is not a reasonable likelihood of recovering:

(1)     the amount of the reimbursement agreed to under subsection (b); and
(2)     other costs incurred by the department in the response action;

unless the commissioner determines that the agreement is nonetheless in the public interest.

(d)     After entering into an agreement that provides for reimbursement under subsection (b), the commissioner shall make every reasonable effort to recover the amount of the reimbursement under section 10 of this chapter from persons other than the parties.

(e)     An agreement entered into under this section may be established:

(1)     in an administrative order issued by the commissioner; or
(2)     by a consent decree entered in an appropriate court.

IDEM and the City argue that, under Indiana Code Section 13-25-4-23, IDEM can enter into an administrative order for the recovery of future cleanup costs without any involvement of a trial court. However, Indiana Code Section 13-25-4-23 concerns remedial actions performed by a responsible party at the party's own expense, possible reimbursement of the party's expenses, and performance of "a part of the response

5

action" by IDEM. Nothing in the statute allows IDEM to perform remedial actions and obtain damages from a party through an administrative order. That situation is covered by Indiana Code Section 13-25-4-10, which allows IDEM to recover costs and damages from a responsible person in an appropriate court, not administrative proceedings. Consequently, IDEM's and the City's reliance on Indiana Code Section 13-25-4-23 is misplaced.

Next, IDEM and the City argue that this court erred by describing Threaded Rod and Moran as "adjacent property owners." Slip op. p. 16. However, we did note that Threaded Rod and Moran were "former or current owners of adjacent properties." Id. at 3. Regardless, Threaded Rod and Moran, as former or current property owners, are subject to possible liability for the contaminants on those properties. They have an immediate and direct interest in the proceedings.[2]

With the above observations and clarifications, we reaffirm our original opinion in all respects.

ROBB, J., and BROWN, J., concur.

---

[2] IDEM and the City also argue that our opinion was contrary to public policy of encouraging early settlements. However, we are constrained to follow the statutes as written and enforce the agreements that IDEM and the City entered into.