## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 16 2016, 7:42 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
| --- | --- |
| Dan J. May | Tyler D. Helmond |
| Kokomo, Indiana | Voyles Zahn & Paul |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

Angela Gamester,

*Appellant-Petitioner,*

v.

Russell Gamester,

*Appellee-Repondent*

February 16, 2016

Court of Appeals Case No.
52A05-1506-DR-545

Appeal from the Miami Superior Court

The Honorable J. David Grund, Judge

Trial Court Cause No.
52D01-1011-DR-390

**Baker, Judge.**

[1] Angela Gamester appeals the judgment of the trial court, which valued several marital assets as of the date of the final hearing rather than the date of the dissolution petition and ordered child support in the amount of $80 per week. Finding that the former decision was within the trial court's discretion to make and that the latter decision was invited error (if error at all), we affirm.

## Facts

[2] Russell (Husband) and Angela Gamester (Wife) were married on August 29, 1992, and Wife filed for dissolution on November 8, 2010. During their marriage, the Gamesters operated several closely-held corporations of which they were the principals. Three of these entities managed mobile home communities, and another was involved in motor sports. Often, the Gamesters would shift funds from one corporation to another to pay various obligations.

[3] Soon after the separation, the Gamesters agreed to a preliminary order. The order included an agreement that "Husband shall temporarily maintain authority to conduct business and shall be responsible for paying expenses associated with all businesses in which the parties have an interest. . . ." Appellant's App. 34. Russell also "agree[d] to provide copies of the business records maintained during this action for review by Wife's attorney if requested." *Id*. The order provided that "Husband shall pay to Wife the weekly amount of $80.00 as temporary child support for [their daughter] and temporary maintenance." *Id.* at 35.

[4] The trial court held a three-day final hearing on August 1, 2012, August 2, 2012, and—following a series of continuances—over a year later on August 14, 2013. The trial court heard evidence that three of the corporations had held roughly $131,000 (collectively) in operating accounts as of the date of the preliminary order. As of August 2012, those three operating accounts had been emptied and those three corporations reduced to nullities. A fourth corporation had an appraised value of $81,000.

[5] Husband testified that the accounts were depleted due to the economic recession. He told the trial court that he had moved funds around to cover various liabilities and that the fourth corporation only survived because he had replenished it with funds from the other three. Wife argued that he had dissipated or pocketed the money.

[6] The trial court issued a final order on November 8, 2013. Regarding the corporate entities, the trial court found the following:

> The Court finds that the operating account balances as the same existed on or about the date of filing are marital assets subject to division. This as they were known and quantified assets in existence as of the date of filing. [Husband] testified to the operating accounts being depleted due to business losses during the separation period. [Husband] having been, by provisional agreement, given authority to continue operation of the aforementioned business entities. [Husband] presented no accounting to detail how these monies were used or lost with the exception of a sewer repair bill for which the account balance of Gamester Motorsports, Inc., was reduced by the Court as the sewer bill was paid from that account. The Court finds the

operating accounts to be marital assets to be included in the marital pot subject to division.

*Id.* at 19-20. This finding was reinforced in the attached balance sheet, which divided the $131,000's worth of operating accounts evenly between the parties. In addition, the trial court ordered that Husband "shall continue to pay to [Wife] for the support of [their] child the weekly sum of $80.00, as established by agreement in the parties' Preliminary Order. . . ." *Id.* at 17.

[7]  Both parties filed motions to correct error on December 10, 2013.[1] The trial court conducted a hearing on these motions on February 5, 2015.[2] The trial court responded to these motions in a clarification order on May 22, 2015. It reiterated that the operating accounts had been reduced to zero between the preliminary order and the final hearing. But then it said,

> In its Decree of Dissolution, the Court did not intend to require a transfer of any assets. By apportioning equal amounts to each party, the Court intends to recognize that, although there was an operating account balance as of the date of filing, [the business] was an ongoing enterprise which was operated to its conclusion as of the final dissolution decree. Therefore, no actual transfer of assets between the parties was to occur…. It was the intention of

---

[1] We note that Wife's counsel has included Wife's but not Husband's motion to correct error in the appendix. We strongly urge parties to provide a full record of events so that we can understand what happened at the trial level.

[2] Nor did Wife's counsel provide a transcript of this hearing. The parties argue over whether there was any evidence heard or whether it was purely arguments of counsel; regardless, we would have appreciated being able to review the hearing that led to the final judgment from which the parties appeal. The omission of Husband's motion to correct error, along with the omission of the transcript of this hearing, leaves us guessing as to why the trial court decided to issue a clarification order.

the Court in distributing the parties' corporate entities to recognize that the use of the funds during the pendency of the dissolution resulted in a net valuation such that neither party would actually receive any funds other than those existing in any of the operating accounts as of the date of the decree.

*Id.* at 31. The trial court then said that it meant to evenly split the operating accounts as those accounts existed at the time of the hearing: for the three corporations, this meant an equal division of $0. Wife now appeals.

## Discussion and Decision

[8] Wife has two arguments on appeal: (1) that the trial court committed reversible error when it decided to use the value of the operating accounts after they had been depleted; and (2) that the trial court did not have sufficient evidence to set the child support amount at $80 a week.

[9] As to Wife's first argument, our standard of review is well settled. The division of marital property is within the sound discretion of the trial court, and we will reverse only for an abuse of discretion. *Love v. Love*, 10 N.E.3d 1005, 1012 (Ind. Ct. App. 2014). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law or disregards evidence of factors listed in the controlling statute. *Id.* We will consider only the evidence most favorable to the trial court's disposition of the property, and we will not substitute our judgment for that of the trial court. *Id.*

[10] Wife contends that

> [i]t defies common sense, and is completely illogical [to] allow Russell to spend $131,161.00 of the divisible marital pot during the provisional period . . . and then have the court rule some 2 years later that it had no intention of granting Angela her ½ of the funds spent by Russell squandered by Russell [sic] during the provisional period without any accounting whatsoever.

Appellant's Br. 12. While this statement is technically correct, we believe that it misstates the facts. A common sense reading of the trial court's decision, particularly in light of the clarification order, suggests that the trial court did not agree that Husband squandered the accounts. Our understanding of the trial court's decision is that the trial court believed Husband's testimony that he spent the money from the operating accounts on necessary business expenses.

[11] This interpretation does tend to contradict the findings of the trial court's November 8, 2013, final order. What appears to have happened is the following: the trial court decided to value the accounts as of the date of the preliminary order, and divided those amounts evenly; then Husband filed a motion to correct error in which he reiterated his argument that the accounts should be valued as of the date of the hearing; and then, finally, the trial court decided to change its position in favor of Husband's valuation date, but misremembered that it had done the opposite in its previous order.

[12] We note that "our Supreme Court has made it clear that the trial court has discretion to value the marital assets at any date between the date of filing the dissolution petition and the date of the hearing." *Bertholet v. Bertholet*, 725 N.E.2d 487, 497 (Ind. Ct. App. 2000). Thus, it is clear that the trial court

would have been within its discretion, given that there is sufficient evidence in the record to find that Husband did not dissipate the funds, if it had originally chosen to value the operating accounts as of the date of the hearing. Wife's argument boils down to a contention that the trial court abused its discretion when it changed its valuation date after reviewing the motions to correct error. We decline to penalize a trial court for changing its decision after receiving a motion to correct error; indeed, the entire point of the motion to correct error is to enable the trial court to alter its judgment. Insofar as Wife argues that the trial court should have chosen the filing date rather than the hearing date to value the asset, this amounts to a request that we reweigh the evidence and substitute our judgment for the trial court's—a request we decline.

[13] Wife's second argument is that the trial court lacked sufficient evidence to set the child support at $80 per week. Indiana Code section 31-16-6-1 sets out a list of relevant factors a trial court should consider in setting a child support amount. Moreover, our Supreme Court has promulgated Child Support Guidelines and worksheets to aid trial courts in setting child support amounts. In neither the final order nor the clarification order did the trial court make findings relevant to the factors listed in the statute, nor did it base its decision on any verified child support worksheets.

[14] Father argues that Wife has waived this argument by not raising it in her motion to correct error. This notion is clearly incorrect, since "a Motion to Correct Error is not a prerequisite for appeal. . . ." Ind. Trial Rule 59(A). But

we find another reason that Wife's second argument is not properly before us: insofar as the trial court erred, the error was invited by Wife.

[15]     It is well settled that a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct. *Witte v. Mundy ex rel. Mundy*, 820 N.E.2d 128, 133 (Ind. 2005). Neither Wife nor Husband submitted child support worksheets to the trial court. If this were simply a case of oversight, we would be tempted to remand so that the trial court could consider additional evidence. But in this case, the trial court explicitly requested such evidence and neither party provided it. At the end of the second day of hearings, the trial court told the parties

> I try very hard to avoid altering the provisional order . . . unless there's some significant change in circumstances that occurs between the provisional order and the final hearing . . . and if in fact a party believes that the provisional order needs to be modified then I request that a petition to do so be filed and we have a hearing in regard to modifying the provisional order.

Tr. 419. In other words, the trial court informed the parties that it was going to order $80 in weekly support unless either party said something, and neither party said anything.[3] The trial court's order does lack the evidence and findings

---

[3] We would like to note our concern, however, with this statement of the trial court. The trial court seems to suggest that it applies the standard associated with modification or revocation of a child support order, codified in Indiana Code section 31-16-8-1, to the determination of what amount of child support should be ordered in the first instance. Parties do not need to show any change of circumstance between a provisional order and the final dissolution order; the amount set in the final dissolution order should be based off of the factors listed in Indiana Code section 31-16-6-1 and the child support worksheets. Parties are not bound to the amount set in a provisional order.

typically seen in child support orders, but this lack was invited by Wife's inaction, and is therefore not appealable.

[16] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.