## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 13 2016, 6:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rodney V. Shrock
Kokomo, Indiana

ATTORNEYS FOR APPELLEE DANIEL DUMOULIN, SR.

Cassandra A. Kruse
Gregory L. Noland
Emswiller, Williams, Noland & Clarke, P.C.
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Joan Dumoulin,

*Appellant,*

*v.*

Daniel Dumoulin, Sr., and Daniel Dumoulin, II[1],

*Appellees.*

May 13, 2016

Court of Appeals Case No. 52A05-1507-DR-823

Appeal from the Miami Superior Court

The Honorable A. Christopher Lee, Special Judge

Trial Court Cause No. 52D02-0901-DR-11

**Bradford, Judge.**

## Case Summary

[1] Appellee-Intervenor Daniel Dumoulin, II, does not participate in this appeal.

[1] Appellant-Respondent Joan Dumoulin ("Wife") and Appellee-Petitioner Daniel Dumoulin, Sr. ("Husband") married in 1971 and had four children. During the marriage, Wife worked as a Kokomo Police Officer until she became disabled. Upon Wife's disability, she collected a disability pension that was later converted into a retirement pension. In 2009, after Husband petitioned for dissolution of the marriage, the trial court ordered him to manage the parties' rental properties and keep an accounting. At some point during dissolution proceedings, the parties stipulated to the inclusion of Wife's pension in the marital estate. Also at some point, the parties' son Appellee-Intervenor Daniel Dumoulin, II ("Son"), intervened in the case.

[2] At the final evidentiary hearing, Wife testified that she wished to be awarded half of the marital estate. Both parties presented evidence tending to prove that Husband had mismanaged the parties' rental properties, with evidence indicating that the extent of the mismanagement ranged from approximately $4000.00 to $21,000.00. In its final order, the trial court included Wife's pension in the marital estate, divided the marital estate evenly, and found that Husband had mismanaged the parties' rental properties. The trial court found the evidence of mismanagement to be ambiguous but ordered an award of additional personal property to Wife as compensation.

[3] Wife contends that the trial court abused its discretion in (1) including her police retirement pension in the marital estate, (2) ordering an equal division of the marital estate, and (3) failing to adequately compensate her for Husband's alleged mismanagement of the parties' rental properties. Because we conclude

that any error the trial court may have committed related to Wife's first two claims was invited and that the trial court's compensation order was within the scope of the evidence, we affirm.

# Facts and Procedural History

[4] Husband and Wife married on July 1, 1971. For a time during the marriage, Husband played major league baseball before working for Kokomo Gas Utility, now NiSource. Wife stayed at home with the children but became a Kokomo Police Officer when they reached school age. Wife worked as a police officer for eighteen years until she became disabled. Wife's disability pension from the Indiana Police and Fireman's Pension Board was awarded in December of 2000. During the marriage, Husband and Wife acquired rental property and farmland, with Wife handling the collection of rent until divorce proceedings.

[5] On January 30, 2009, Husband petitioned for dissolution of the parties' marriage. On March 11, 2009, the trial court awarded Husband temporary exclusive possession of real property at 202 Nancy Drive, awarded Wife temporary exclusive possession of the parties' Florida home, ordered Husband to pay Wife maintenance, ordered Husband to manage the parties' rental properties and keep a strict accounting, and ordered that the parties were permitted to sell real estate only if they mutually consented. At some point, the court apparently ordered Husband to deposit rents into a separate account. On May 14, 2014, the trial court granted Wife's motion to join Son as an indispensable party.

On February 28, 2013, Husband moved to terminate maintenance and, on July 12, 2013, filed an emergency petition to find Wife in contempt for allegedly entering 202 Nancy Drive without authorization. On August 28 and 30, 2013, the trial court held a hearing on Husband's motions as well as Wife's requests for an accounting and to modify the provisional orders.

On November 3, 2013, the trial court issued an order terminating Husband's maintenance, specifying the parameters of Husband's accounting, and finding Wife in contempt. On January 17, 2014, Husband filed his initial accounting, to which Wife objected on March 14, 2014, on the basis that the accounting for several properties was incomplete. On April 21, 2014, the parties participated in mediation and were able to reach a partial mediated agreement on the inclusion and valuation of most of the marital estate. Among the items the parties agreed would be included in the marital estate was Wife's pension from the Kokomo Police Department.

On April 23, 2014, Husband filed a second verified petition for contempt citation, alleging that Wife had once again entered rental property, communicated with tenants, and collected rents, all in violation of court orders. On May 8, 2014, Husband filed his third verified motion for contempt citation, alleging that Wife had sold the parties' Florida residence without his consent and had retained the cash proceeds. On June 18, 2014, Husband submitted another accounting. On June 24, 2014, Wife filed her objection to Husband's new accounting and response to Husband's petition for a contempt citation related to the sale of the Florida property. On June 26, 2014, Husband filed a

motion in limine, seeking to have the trial court exclude evidence (1) from Son regarding objections to Husband's accounting, (2) from Wife regarding whether the parties' stipulations regarding valuation of the marital estate should be vacated, and (3) regarding whether agreements executed by the parties and their attorneys in mediation should be enforced. On June 30, 2014, Wife moved for relief from stipulation.

[9] On December 10 and 11, 2014, the trial court held a final hearing. R. Thomas Parker, a legal benefit analyst for the Indiana Public Retirement System, testified that Wife's disability pension was converted to a retirement pension when she turned fifty-two. The trial court also heard evidence touching on Husband's management of the parties' rental properties. Husband conceded that he had, at one point, taken $4425.00 in farm rent and "put it in [his] pocket" instead of depositing it in the court-ordered rental account. Tr. p. 386. Wife presented evidence that would support a conclusion that Husband has mismanaged approximately $21,297.72 in rental income. On December 11, 2014, the trial court entered a decree of dissolution with several issues taken under advisement.

[10] On April 30, 2015, the trial court issued its order on the remaining issues, which provided in part as follows:

> The Court entered its Decree of Dissolution on December 11, 2014 and maintained all remaining issues under advisement and directed the parties to submit proposed orders. The Court has received and considered those proposed orders. The Court now ORDERS as follows:

(1) All pending requests for contempt findings are denied.

(2) Joan's request to set aside the stipulated values is denied.

(3) Joan is awarded the following assets (real and personal) property at the following values assigned:
    (a) 202 Nancy Drive, Kokomo    350,000.00
    (b) Lots 15, 16, 17 @ Nancy Dr.    10,000.00
    (c) 12107 Eagle Point/ Florida sold 165,000.00
    (d) 18.73 acres by 5225 N 00 EW    190,000.00
    (e) 1/2 of the remainder of oral land contract UP2B
                             581,004.54
    (f) 2008 Chevy Avalanche    14, 125.00
    (g) Household goods/furnishings
       (all other items of personal property to be addressed by way of separate paragraphs)
    (h) City of Kokomo 457(b)    46,884.75
    (i) PERF—INSPRS Pension (Wife)
       (to be addressed below by separate paragraph)
    (i) Putnam American-003294408    7,935.06
    (k) City of First[s] #701501    8,203.97

(4) Daniel is awarded the following assets (real and personal) property at the following values assigned:
    (a) 1807 Purdum    10,000.00
    (b) 117 W. Spraker, Kokomo    8,000.00
    (c) 11329 S. Locke    15,000.00
    (d) 3208 E Country Club Rd., Rochester (1/5 interest)
                             31,060.00
    (e) 1/2 of the remainder of oral land contract UP2B
                             581,004.54
    (f) 1990 Chevy Truck    1,500.00
    (g) 2007 GMC Truck    11,900.00
    (h) Household goods/furnishings
       (all other items of personal property to be addressed by way of separate paragraphs)
    (i) Kokomo Union Pension    262,731.91

| | |
|---|---|
| (j) Kokomo RSP 401(k) | 424,759.23 |
| (k) Putnam Investments IRA | 5,795.51 |
| (1) Star Financial #65-5 | 5,263.22 |
| (m) City of [F]irsts #9217—Rental | 47,058.28 |

(5) Joan shall be solely obligated and shall hold husband harmless for the debt obligation associated with 202 Nancy Dr., Kokomo with a balance of $130,403.29. Joan shall be obligated to refinance the obligation so as to remove Daniel's name from the debt obligation. Daniel shall be obligated to execute a quit claim deed to Joan within thirty (30) days. Joan shall be responsible for the costs associated with the transfer of the real estate and shall be responsible for preparation of the quit claim deed.

(6) The Court has awarded the various parcels of real estate as outlined above. Each party shall execute quit claim deeds in favor of the other party to transfer ownership of the real estate. The party that is awarded the real estate shall be responsible for the costs associated with the transfer and shall be responsible for preparation of the quit claim deeds to the various parcels of real estate. This should all be accomplished within thirty (30) days of this order.

(7) The Court agrees with Joan's position as it concerns distribution of the PERF-INSPRS Pension. The Court directs that the pension shall be divided equally as the pension payments are received. Joan shall be responsible for the accounting as it concerns the pension and shall bear the burden of demonstrating that she has in fact paid over 1/2 of her pension to Daniel when the same is received. Daniel and Joan shall be equally obligated for any tax obligations associated with the pension payments so that they will equally divide the net pension payments.

(8) Daniel is awarded the baseball memorabilia as his sole and exclusive property. The Court directs both parties to conduct

a good faith effort to find the memorabilia and to see that it is delivered to Daniel. The evidence presented was not sufficient to establish a value for the items. Upon discovery, any baseball memorabilia shall be inventoried and appraised. Daniel shall pay Joan one half the value of the items.

(9) Joan shall be the sole and exclusive owner of the following personal property:
  (a) 14' box trailer
  (b) 2 axle car trailer
  (c) 2 riding mowers
  (d) tools (air compressors, welders, carpet tools—purportedly located in a garage at 2725 E 50 N)

(10) As to miscellaneous goods and furnishings, the Court awards Joan and Daniel the sole and exclusive ownership of the items of personal property currently in their possession or under their control. Unless otherwise awarded herein, each party is awarded any items of personal property located at the real estate awarded to them in this order.

(11) Joan has requested a portion of the proceeds from the rental properties managed by Daniel during the provisional period. The evidence supporting this request is ambiguous making such an award difficult to formulate. Daniel requests a money value to be assigned to the personal property awarded to each party. The evidence as to the value of these items of personal property is suspect with the exception of some of the items listed in paragraph (9) above. The Court believes that Daniel did mismanage the rental account and that Joan is receiving more than half of the personal property. The evidence as to both is lacking. The Court therefore awards Daniel any proceeds that were not properly accounted for and Joan the greater share of the personal property distribution. The Court will not consider either in the equalization of the distribution except for the City of Firsts Rental account. The Court finds that Daniel received funds in excess of the funds

in the City of First[s] Rental account but cannot determine that exact amount based on the evidence presented.

(12) EQUALIZATION OF DISTRIBUTION:
In order to equalize the distribution the Court orders Daniel to pay Joan the amount of $80,661.33 by the end of July, 2015. (Spreadsheet is attached, incorporated and marked "A"). Any unpaid balance left owing on August 1, 2015 shall be reduced to judgment and shall accrue interest at the legal rate. The Court determines that an equal division of assets and debts is appropriate. The Court believes that Daniel is in a better position to support himself at the conclusion of this long term marriage. The Court makes this determination based on Joan's continuing health issues. This division is designed to be equal but the Court has taken Joan's health circumstances into account in determining the method in which the distribution takes place. This is the reason the Court divided Joan's pension as it is received.

Appellant's App. pp. 26-29.

Wife contends that the trial court abused its discretion in (1) including her police retirement pension in the marital estate, (2) ordering an equal division of the marital estate, and (3) failing to adequately compensate her for Husband's alleged mismanagement of the parties' rental properties.

# Discussion and Decision

## I. Whether the Trial Court Abused its Discretion in Including Wife's Pension in the Marital Estate

In a dissolution proceeding, the trial court's division of the marital estate is a two-step process: first, the trial court determines what property is to be included in the marital pot;

> second, the trial court must divide the property. *Thompson v. Thompson*, 811 N.E.2d 888, 912 (Ind. Ct. App. 2004), *reh'g denied, trans. denied*. The marital pot incorporates "all the property acquired by the joint effort of the parties" before the marriage and up to the date of final separation. *Id*. *See* I.C. § 31-15-7-4.

*Pitcavage v. Pitcavage*, 11 N.E.3d 547, 565 (Ind. Ct. App. 2014).

[13] Wife contends that the trial court abused its discretion in including her pension in the marital estate. Husband argues that Wife invited any error in this regard by stipulating below that her pension be included in the marital estate and that the trial court properly included it in any event.

[14] We agree with Husband that Wife may not now argue that her pension should not be included in the marital estate when she stipulated to such an inclusion below. Although Wife sought release from that stipulation, her request was denied and she does not appeal that denial. Pursuant to Indiana Alternative Dispute Resolution Rule 2.7(E), agreements reached during mediation that are signed and executed by the parties and their attorneys are enforceable. *See also Reno v. Haler*, 734 N.E.2d 1095, 1099 (Ind. Ct. App. 2000) ("Thus, in order for a mediated settlement to be enforced, it must be reduced to writing and signed by both parties and their attorneys."), *trans. denied*. Wife, her attorney, Husband, his attorney, and the mediator all signed the written stipulation that Wife's pension would be included in the marital estate. Because any error the trial court may have committed in this regard was invited, Wife will not now be heard to complain. *See, e.g.*, *Witte v. Mundy ex rel. Mundy*, 820 N.E.2d 128, 133 (Ind. 2005) ("Under [the invited error doctrine], 'a party may not take

advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct.'") (citation omitted).

## II.  Whether the Trial Court Abused its Discretion in Ordering an Equal Division of the Marital Estate

[15] "Subject to the statutory presumption that an equal distribution of marital property is just and reasonable, the disposition of marital assets is committed to the sound discretion of the trial court." *Augspurger v. Hudson*, 802 N.E.2d 503, 512 (Ind. Ct. App. 2004).

> An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances, or the reasonable, probable, and actual deductions to be drawn therefrom.  An abuse of discretion also occurs when the trial court misinterprets the law or disregards evidence of factors listed in the controlling statute.  The presumption that a dissolution court correctly followed the law and made all the proper considerations in crafting its property distribution is one of the strongest presumptions applicable to our consideration on appeal.  Thus, we will reverse a property distribution only if there is no rational basis for the award and, although the circumstances may have justified a different property distribution, we may not substitute our judgment for that of the dissolution court.

*Id*. (citations, quotation marks, and brackets omitted).

[16] Wife contends that the trial court's equal division of the marital estate erroneously fails to take into account her disability, with evidence that she suffers from fibromyalgia, chronic fatigue, and depression.  As with Wife's previous argument, however, any error the trial court may have committed in dividing the marital estate equally was invited.  During Wife's testimony at the

final hearing, she testified unequivocally, "I just want half." Tr. p. 454. Wife clearly indicated below that an equal division of the marital estate was all she was asking for, and so cannot now complain when that is precisely what she received. *See Witte*, 820 N.E.2d at 133.

## III.  Whether the Trial Court Abused its Discretion in Failing to Compensate Wife for Any Amounts Related to Husband's Mismanagement of Rental Property

[17]    Wife contends that the trial court abused its discretion in failing to compensate her for Husband's mismanagement of rental properties. As previously mentioned, the trial court found that Husband had mismanaged the rental properties but found the evidence regarding the extent of that mismanagement to be ambiguous. In an attempt to address this situation, the trial court awarded what it believed to be a greater portion of personal property to Wife as compensation. Under the circumstances of this case, we cannot conclude that Wife has established an abuse of discretion.

[18]    Wife points to evidence that would allegedly tend to show that Husband mismanaged $21,297.72 of rental income, while Husband seemed to concede at the final hearing that he had converted $4425.00 of farm rent for his own use. The trial court, however, seemingly found that taken together, the evidence regarding mismanagement was ambiguous, as was its right. *See DeHaan v. DeHaan*, 572 N.E.2d 1315, 1320 (Ind. Ct. App. 1991) ("In determining whether the findings and judgment are clearly erroneous, we will neither reweigh the evidence nor judge witness credibility, but we will consider only the evidence

and reasonable inferences therefrom which support the judgment."), *trans. denied*.

[19] Moreover, while the trial court also found that evidence regarding the value of some personal property in the marital estate to be suspect, it specifically credited evidence regarding the values of some items awarded to Wife: a fourteen-foot box trailer valued at $2300.00, a two-axle car trailer valued at $1500.00, two riding mowers valued at $2500.00, and tools valued at $10,000.00. Although Wife contends that Husband's valuation of these items was based on speculation, the trial court was nonetheless within its rights to credit it. *See id*.

[20] Assuming that the rest of the estate was divided equally, the trial court's award of personal property to Wife compensated her $16,300.00 for Husband's mismanagement of the rental properties. The trial court heard evidence that the extent of Husband's mismanagement ranged anywhere from $4425.00 to $21,297.72. Although the trial court found the evidence of the extent of Husband's mismanagement to be ambiguous, the award of additional personal property to Wife as compensation is well within the scope of that evidence. In short, the trial court had a rational basis for its disposition, and we will not substitute our judgment for its. *See Augspurger*, 802 N.E.2d at 512. Under the circumstances, Wife has failed to establish an abuse of discretion.

# Conclusion

Because Wife stipulated to the inclusion of her pension in the marital estate, she may not now complain about that inclusion. Also, because Wife specifically asked for half of the marital estate, she may not now challenge an equal division. Finally, Wife has failed to establish that the trial court abused its discretion in offsetting Husband's mismanagement of rental property with an unequal award of personal property to Wife.

The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.